LANDRY, Judge.
Defendant, Gregory J. Burguieres (appellant), appeals the judgment of the trial court casting him for costs and the fees of plaintiff’s attorney in an action by plaintiff, Abner E. Hughes, Trustee (Trustee), under the Last Will and Testament of Jules M. Burguieres, deceased, for a declaratory judgment to determine whether or not certain actions by appellant effected a forfeiture of appellant’s rights as beneficiary in a trust established by decedent’s will. We affirm.
In his action for declaratory judgment, Trustee also named as defendants twenty-five other legatees under decedent’s will, the terms of which constituted them contingent beneficiaries entitled to share any revoked legacies. The trial court found that appellant’s actions were not proscribed by the forfeiture clause of the will, but nevertheless rendered judgment in favor of Trustee and against Appellant’s trust for all costs of the Declaratory Judgment proceeding and for attorney’s fees claimed by Trustee in the sum of $1,500.00. Defendant has appealed that portion of the judgment casting Appellant’s trust for costs and attorney’s fees. Trustee has not appealed that portion of the judgment favorable to defendant-appellant. Neither has Trustee answered appellant’s appeal. Consequently, the sole issue on appeal is whether the lower court erred in assessing Appellant’s trust for costs and attorney’s fees notwithstanding rendition of judgment *627 in Appellant’s favor on the merits of the issue tried in the declaratory judgment proceeding.
Jules M. Burguieres, Appellant’s uncle, died September 7, 1960, leaving a last will and testament dated September 30, 1959, which testament was duly probated. Having no forced heirs, testator established separate trusts for each of his surviving twenty-six nieces and nephews, including Appellant herein. The principal of each trust consists of %6th of testator’s residual estate subject to three usufructs granted decedent’s two surviving sisters and one brother in the amount of 15% each. One of the sisters has since died terminating her usufruct.
The action for declaratory judgment brought by Trustee against Appellant was motivated by the following provisions contained in the will of decedent Jules M. Burguieres, which established the trusts in favor of Appellant and his cousins:
‘‘If, subsequent to the date of this will, any of my said legatees, * * *
(1) files any suit, or otherwise asserts, in any legal proceeding, any claim or demand against me or my estate, or
(2) proceeds with any such claim or demand asserted prior to the date of this will; or
(3) attacks this will or any portion hereof; or
(4) files any suit or otherwise asserts any claim or demand against me or my estate, or against any of my brothers or their estates, concerning the management of any one of us of the financial or other affairs of the J. M. Burguieres Co., Ltd., or the management, by any of us, of the financial or other affairs of any of the descendants of my father, Jules M. Bur-guieres, then, in any of such events, I revoke the bequest herein made to such legatee or legatees and make the following disposition of the portion of
my estate which such legatee would otherwise have acquired pursuant to this will, to-wit:

If such legatee has been herein bequeathed a portion of my estate other than a usufruct, I direct that part of my estate such legatee would otherwise have acquired pursuant to this will be divided among the remainder of my twenty-six nieces and nephews, hereinabove named, and groups of descendants representing predeceased nieces and nephews, in the same manner and subject to the same terms and conditions as if said legatee had predeceased me; provided, however, such legatee’s descendants shall not participate in said distribution of such part of my estate.”
Although the record does not affirmatively so show, the inference is clear that a considerable portion of decedent’s estate consisted of stock in J. M. Burguieres Co., Ltd., which corporation owned considerable real estate. On October 8, 1966, Appellant wrote the J. M. Burguieres Co., Ltd., and its officers and directors (one of whom was C. Patout Burguieres, brother of testator and father of Appellant) demanding immediate collection of certain debts allegedly due the corporation, including obligations assertedly owed by decedent’s two surviving sisters and brother. Appellant also demanded a report by the directors of the corporation accounting for corporate lands allegedly lost due to the fault of the officers and directors of the corporation. In addition, Appellant requested an explanation of expenses incurred for surveying of the corporate property in the years 1965 and 1966.
Subsequently, on April 10, 1967, appellant instituted a shareholder’s derivative action against the Corporation and joined as defendants therein the Corporation and all its directors except Appellant’s father, C. Patout Burguieres. The action sought to annul and enjoin the action of the Board *628 of Directors of the Corporation in releasing certain Corporation debtors, including the estates of Henry I. Burguieres and Ernest A. Burguieres, both of whom were brothers of decedent. Appellant’s derivative action also sought to have the Corporation’s directors ordered to promptly collect the debts at issue and institute such actions as were found necessary to recover lands lost by the Corporation. Alternatively, Appellant sought recovery on behalf of the Corporation against the directors personally in the event the debt releases in dispute were held to be valid.
In this present action, the Trustee alleges he was unable to determine whether Appellant’s above mentioned activities violated the provisions contained in the will of Jules M. Burguieres. Trustee further alleges he considered himself obligated to the remaining twenty-five beneficiaries to institute this action for declaratory judgment to determine whether Appellant’s aforesaid actions operated a forfeiture of Appellant’s trust and the reversion thereof to the benefit of the remaining trusts as provided for in decedent’s will.
It is unnecessary for us to consider that portion of the trial court’s judgment which held that the actions of defendant, Gregory J. M. Burguieres, did not violate the terms of the will which established the trust in his favor. Trustee did not appeal from said determination and the judgment has become res judicata insofar as those particular actions of defendant are concerned.
It is the settled jurisprudence of this state that attorney’s fees are not recoverable against a litigant unless specific provision therefor exists, either by statute or contract. Popich v. Fidelity and Deposit Co. of Maryland, La.App., 231 So.2d 604, and authorities therein cited.
Particularly noteworthy in this instance is the fact that Trustee does not seek judgment for costs and attorney’s fees against defendant individually, but that said items be charged to the income from the trust administered for defendant’s benefit.
Since the trust in question became operative prior to the effective date of our Trust Code, LSA-R.S. 9:1721-2252, inclusive, the issue before us must be determined in the light of our former trust law, LSA-R.S. 9:1791-2212, Repealed, found in LSA-R.S. Volume 3A, pages 415 et seq. Our present Trust Code LSA-R.S. 9:2252 provides that trusts theretofore created shall be governed by the laws in effect at the time of their creation.
Under the applicable law, the Trustee was charged with the duty of managing the trusts with reasonable care and skill and protecting and preserving the corpus or principal of each trust. LSA-R.S. 9:1962, Trust Estates Law — Repealed.
It is also clear that Trustee is entitled to indemnification from the trusts for expenses incurred in the course of his management of each trust. LSA-R.S. 9:2133, Trust Estates Law — Repealed.
In disposing of the question whether the Trustee’s expenses should be charged against the income or principal of a trust, LSA-R.S. 9:2101, Trust Estate Law —Repealed, states as follows':
“ * * * attorney’s fees and other costs incurred in maintaining or defending any action to protect the trust or the property or assure the title thereof, unless due to the fault or cause of the income beneficiary, [are to] be paid out of principal [of the trust].”
The res nova proposition presented here is whether the costs and attorney’s fees involved should be assessed entirely against Appellant’s trust or prorated among all twenty-six trusts subject to Trustee’s management and administration.
The above quoted applicable statute provides that the expenses of the Trustee incurred on behalf of a trust are to be paid from principal unless necessitated by fault or cause, on the part of an income benefi *629 ciary. The unmistakable inference is that if such expenses are due to the fault or actions of an income beneficiary, they shall be paid from the income of the beneficiary.
By the terms of testator’s will, we are here concerned with the novel situation of twenty-six separate and individual, but nonetheless related trusts, under the management and control of a single trustee. The will also proscribes certain designated actions which, if committed by any beneficiary, will directly affect not only his own interests, but also those of the beneficiaries of the remaining twenty-five trusts. To this extent, each individual trust bears a relationship to and has an inchoate interest in every other trust. To this degree, the individual trusts may in effect be deemed one. Equally certain is the fact that it is the obligation of the trustee to protect the interest of each individual beneficiary in the event of a suspected violation of the terms of decedent’s will by one or more beneficiaries.
Assuming there were but a single trust in this instance with twenty-six named beneficiaries, and the same forfeiture provisions were contained in Testator’s will, the costs and attorney’s fees, pursuant to the statute, would be assessable against the income interest of Appellant whose actions necessitated these proceedings.
We note particularly that Trustee did not bring this action to obtain a decree of forfeiture or cancellation of Appellant’s individual trust, but rather to obtain a judgment declaring whether or not Appellant had forfeited his trust because of actions on Appellant’s part which could perhaps be construed as a violation of the terms of decedent’s will. In effect, therefore, the action by the Trustee was brought to protect Appellant’s right as much as those of the beneficiaries of the other trusts involved. We likewise note that the Trustee’s action did, in effect, protect Appellant’s individual rights because it resulted in a judgment in Appellant’s favor, which judgment has become res judicata. As a result thereof, the question of Appellant’s rights, as regards the particular actions designated by the Trustee, are permanently established in Appellant’s favor.
The record discloses that Trustee acted in good faith in instituting this action. It also shows beyond doubt that Appellant’s conduct required that the action be brought by the Trustee. We find LSA-R.S. 9:2101, Trust Estate Law — Repealed, applicable by analogy in view of the interrelationship of these several trusts.
The judgment of the trial court is affirmed at Appellant’s costs.
Affirmed.