470 So.2d 910 (1985)
Earl V. MAGRI
v.
Verna Meyers, Wife of/and Jack N. LEE.
No. 85-CA-3.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
Rehearing Denied June 17, 1985.
A.D. Freeman, New Orleans, for plaintiff-appellant.
Neil Levith, Metairie, for defendants-appellees.
Before BOWES, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
This is a suit for the specific performance on the sale of immovable property and for declaratory judgment. Jack N. Lee acting for himself and on behalf of his wife, Verna Meyers Lee (defendants) placed an advertisement in the Times-Picayune in New Orleans for the sale of certain pieces of property located in Jefferson Parish. In response to this advertisement, Earl Magri (plaintiff) offered to purchase certain properties for a mutually agreed upon price of $163,000.00. Plaintiff deposited with defendants a check for *911 $1,000.00 representing his good faith intention to purchase. This $1,000.00 deposit was intended by the parties to be placed in escrow until the act of sale.
The agreement (Exhibit A) to purchase and sell was signed by all parties on June 9, 1983, and said offer remained binding and irrevocable through June 10, 1983. The language on lines 24 and 25 of the "Contract to Purchase or Sell" clearly indicates that all parties agreed that the handwritten date on line 50 of said contract effectively mandated that the deposit of $16,300.00 be made within twenty-four (24) hours of the signing of the agreement, otherwise the offer to sell could be rescinded.
When the plaintiff neglected to make the required $16,300.00 deposit, the defendants became concerned as to plaintiff's intention. Subsequently, plaintiff's co-venturer, Paul Leaman, called Mr. Lee on June 12th to discuss the deposit, as well as the perfection of the sale at which time defendants attempted to accomodate plaintiff and agreed to simply accept a non-interest bearing promissory note for the deposit.
After allowing for an additional twenty-four (24) hours to expire after this conversation without any contact from the plaintiff or his co-venturer, defendants surmised and in accord with the contractual provisions, that plaintiff was either unable or unwilling to comply with the terms of the agreement. Relying on contractual provisions as per lines 28 and 29 of the "agreement", defendants considered the contract breached. Because the defendants concluded the contract void, they returned plaintiff's check for $1,000.00, indicating the agreement was cancelled.
Plaintiff filed suit and deposited $16,300.00 in the registry of the court. He sought the remedies afforded him under the agreement to purchase, together with out of pocket money for the property survey and title examination, as well as attorney's fees. Defendants responded and sought penalties afforded under the contract together with attorney's fees.
The matter was tried and the trial court gave written reasons for judgment which state as follows:
"The court dismisses plaintiff's suit on the following grounds. Plaintiff has adopted the theory that it was incumbent upon Mr. Lee to name an escrow agent for the depositor of the money. The agreement does not specify who was to name the escrow agent. However, the agreement is clear on line 33 that the deposit was to be a non-interest bearing account and to be placed in any bank in the Metropolitan New Orleans area.
The court therefore concludes that Mr. Magri had the option of giving a non-interest bearing promissory note or placing the deposit in any bank in the Metropolitan New Orleans area. He failed to do so within the time specified in the contract and the court is of the opinion that Mr. Lee had the right to either return the check and consider the agreement null and void, which he did, or to retain the check and claim the balance of the penalty which the contact afforded him. However, since he decided to cancel the contract and return the $1,000.00 check, he, in effect, released plaintiff from any further penalties.
However, he was sued by Mr. Magri and had to employ an attorney to defend the lawsuit and he should be awarded attorney's fees under the contract provisions.
The court considers $1,000.00 to be reasonable attorney's fees herein."
From this judgment plaintiff has appealed urging us to order specific performance and reverse the trial court's judgment ordering the payment by plaintiff of attorney's fees.
Courts of this State are bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when these are clear, explicit, and lead to no absurd conclusions or consequences. LSA-C.C. art. 1945 (C.C. art. 2045-2046) Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). A person *912 who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that it was not explained or that he did not understand it. Carter's Insurance Agency, Inc. v. Franklin, 428 So.2d 808 (La.App. 1st Cir.1983).
Contracts must be construed in such a way as to lead to logical conclusions and to give effect to the obvious intention of the parties. They must be interpreted in a common sense fashion, according to the words of the contract in their common and usual significance. LSA-C.C. art. 1946 (C.C. art. 2047). The "agreement" in issue must be viewed as a whole and practical effect given to all parts, according to the sense that results from the entire agreement so as to avoid neutralizing or ignoring any of them or treating them as surplusage. LSA-C.C. art. 1955 (C.C. art. 2050).
The litigants on this appeal assert that the contract is ambiguous with respect to the deposit and the delay. We conclude that when there is anything doubtful in agreements, the courts must ascertain the common intention of the parties. LSA-C.C. art. 1950 (C.C. art. 2045).
We find that the trial judge was correct and accordingly, we affirm.
The agreement before us is clear and unambiguous relative to the depositing of $16,300.00 with the defendants within 24 hours of the acceptance (signing) of the offer to buy. Furthermore, it was clear that the offer to sell remained binding for only 24 hours as indicated on line 50 of the "agreement".
We agree with the trial court that the failure of the plaintiff to place the required deposit of $16,300.00 within 24 hours of the signing of the agreement breached the contract. However, the defendant merely considered the agreement voided and returned the plaintiff's $1,000.00 check. This did not conclude the individual involvement between the parties. The plaintiff's lawsuit caused the defendant to incur necessary legal expense, thus we find the award of $1,000.00 of attorney's fees to be reasonable in this matter.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.

*913