JxYELVERTON, Judge.
This case presents a third party dispute between two insurance companies as to coverage of an automobile that was involved in an accident. One of the policies was issued by State Farm Mutual Automobile Insurance Company to James and Betty Hamilton providing public liability insurance covering their car. The other was a business automobile policy issued by Titan Indemnity Company to the St. Martin Parish School Board, who was Betty Hamilton’s employer.
On August 2, 1990 Betty was involved in an automobile collision while in the course and scope of her employment. She was driving her family car. The other ear in the accident was driven by Vergie Lewis. She and 12her husband sued the Hamiltons, State Farm, Titan, and their uninsured motorist insurer, Louisiana Farm Bureau Casualty Insurance Company. State Farm filed a third party claim against Titan. It is this third party claim which brings this case before us.
Both State Farm and Titan filed motions for summary judgment. The trial court found that the policy issued to the School Board by Titan provided only excess coverage to Betty for the claims of the Lewises and was not applicable to the accident at issue until the policy limits of the primary policy issued by State Farm had been exhausted. State Farm claims that the trial court erred in not interpreting the two policies to provide co-primary insurance coverage.
Both State Farm and Titan concede that their policies provide coverage for the accident. The precise summary judgment question is in what capacity does Titan’s policy afford coverage for this accident, as an excess insurer or as a co-primary insurer?
*683 La. Code Civ.P. art. 966 provides that summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 D provides that summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
The policy issued by State Farm provides primary liability coverage for Mrs. Hamilton since she is the spouse of the named insured. This is not at issue. However, State Farm’s policy specifically provides that “if other vehicle liability coverage applies, we are liable only for our share Uof the damages. Our share is the percent that the limit of liability of this policy bears to the total of all vehicle liability coverage applicable to the accident.” Therefore, we must determine whether Titan’s policy affords primary or excess coverage in this case.
Titan’s policy covers non-owned autos that are owned by employees or members of their households but only while used in the school board’s “business” or “personal affairs”. It was stipulated that Mrs. Hamilton was in the course and scope of her employment with the School Board when the accident occurred. Under the policy’s “Other Insurance” provisions, coverage is primary for owned covered autos. However, coverage is excess for non-owned autos over any other collectible insurance.
State Farm agrees with that, but states that the Titan policy does provide primary coverage for non-owned autos under certain conditions. It points out that in Section IV under “Other Insurance”, paragraph “h” states that “[rjegardless of the provisions of paragraph ‘a’ above, this Coverage is primary for any liability assumed under an ‘insured contract’.” Under paragraph E(7) of Section V, dealing with definitions, one of the definitions of an “insured contract” is:
7. That part of any other contract or agreement pertaining to your business, under which you assume the tort liability of another to pay damages because of “bodily injury” or “property damage” to a third person or organization, if the contract or agreement is made prior to the “bodily injury” or “property damage.” Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
State Farm’s position is that this language makes Titan’s policy provide primary coverage for the tort liability of an employee which is incurred by the employee while acting within the employment agreement with the School Board and for which the School Board would be vicariously liable.
Titan cites the ease of Juan v. Harris, 279 So.2d 187 (La.1973), on its behalf for the position that Titan’s upoligy provides only excess coverage for nonowned autos. The Supreme Court found in that case that the employee as owner of the vehicle was not insured, but that the employee as an employee-driver was an insured. The Supreme Court then ruled that under similar language as found in paragraph “a” of Titan’s “Other Insurance” section, the employer’s policy provided excess insurance since there was other insurance. However, our case is distinguishable from that case because Titan’s policy here has the added language that it will provide primary coverage for liability assumed under an insured contract.
In the present case we find that the language of the policy can be reasonably read to provide primary coverage to the School Board for any liability it may have with respect to its vicarious liability for Mrs. Hamilton’s negligent operation of the covered nonowned vehicle while she was in the course and scope of her employment. The School Board is liable for the tort liability of its employees while in the course and scope of their employment under La.Civ.Code art. 2320. This is a tort liability imposed by law absent any contract or agreement. If the quoted language is not clear, it is at least ambiguous, and in either event primary coverage is mandated.
The trial court erred in finding that Titan’s policy provided only excess coverage. If the School Board is found to be vicariously liable for Mrs. Hamilton’s negligence, then the Ti *684 tan policy provides primary coverage for Mrs. Hamilton’s vehicle as a nonowned vehicle. For these reasons the judgment of the trial court granting Titan’s motion for summary judgment is reversed.
Costs of this appeal are assessed'to Titan Indemnity Company.
REVERSED.