652 So.2d 1327 (1995)
Vergie C. LEWIS, et vir
v.
Betty D. HAMILTON, et al.
No. 94-C-2204.
Supreme Court of Louisiana.
April 10, 1995.
*1328 James L. Pate, Robert E. Torian, Laborde & Neuner, Lafayette, for applicant.
Alex A. Lopresto, III, Roy, Forrest & Lopresto, Lafayette, for respondent.
LEMMON, Justice[*].
This is an action to recover damages sustained by plaintiff in an automobile accident in which the tortfeasor was driving her own automobile while in the course and scope of her employment. The tortfeasor's liability insurer undisputedly provided primary coverage for the accident. The dispute presently before the court, raised by motions for summary judgment, involves the liability insurer's contention that the tortfeasor's employer's business automobile insurer also provided primary coverage under the policy's "Other Insurance" provisions, which stipulated primary coverage for liability assumed by the insured (the employer) under an "insured contract." The principal issue is whether the employment relationship between the employer and the employee constituted an "insured contract," as defined in the employer's policy.
Plaintiff was involved in a two-car accident with an employee of the St. Martin Parish School Board. The driver was in the course and scope of her employment, but was driving her own automobile when the collision occurred. Plaintiff filed this action against the other driver and her liability insurer, State Farm Mutual Automobile Insurance Company.
State Farm then filed a third party demand against Titan Indemnity Company. While conceding that its policy provided primary coverage for the accident, State Farm asserted that Titan's business automobile policy issued to the St. Martin Parish School Board provided co-primary coverage for the accident.[1]
Both parties filed motions for a summary judgment on the issue of primary insurance coverage under Titan's policy, which provided for "Other Insurance" as follows:
5. OTHER INSURANCE
a. For any covered `auto' you own, this Coverage Form provides primary insurance. For any covered auto you don't own, the insurance provided by *1329 this Coverage Form is excess over any other collectible insurance....
b. Regardless of the provisions of paragraph a above, this Coverage Forms Liability Coverage is primary for any liability assumed under an "insured contract". (emphasis added).
State Farm conceded that the coverage provided by Titan's policy would be excess absent the language of Paragraph 5(b). See Juan v. Harris, 279 So.2d 187(La.1973). State Farm contended, however, that the School Board, in the employment agreement between the School Board and its employee, assumed liability for its employee's tortious conduct and the employment agreement therefore constituted an "insured contract" under the "Other Insurance" provisions of Titan's policy.
The trial court granted summary judgment in favor of Titan, holding that Titan's policy provided only excess coverage and therefore was not available until the State Farm policy limits were exhausted.
The court of appeal reversed. No. 93-1464 (La.App. 3rd Cir. 6/1/94); 638 So.2d 682. The court held that Titan's coverage was also primary, because the employment contract between the employee and the School Board was an "insured contract" under the "Other Insurance" provisions of the Board's policy and Titan's coverage was primary for any liability assumed by the Board under an "insured contract."
We granted certiorari. 94-2204 (La. 12/9/94); 647 So.2d 1100. For the following reasons, we now reverse and reinstate the judgment of the trial court.
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts provided in the Civil Code. Louisiana Ins. Guar. Ass'n v. Interstate Fire and Casualty Co., 93-0911 (La. 1/14/94); 630 So.2d 759, 763; Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993). The interpretation of a contract is the determination of the common intent of the parties. The words of a contract must be given their generally prevailing meaning, and when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. La.Civ.Code arts. 2045-2047.
The critical issue is whether the employment agreement constituted an "insured contract" within the contemplation of the business automobile policy. Titan's policy defined an "insured contract" as:
1. A lease of premises;
2. A sidetrack agreement;
3. An easement or license agreement in connection with vehicle or pedestrian private railroad crossings at grade;
4. Any other easement agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
5. An indemnification of a municipality as required by ordinance, except in connection with work for a municipality; or
6. That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of "bodily injury" or "property damage" to a third person or organization, if the contract or agreement is made prior to the "bodily injury" or "property damage." Tort liability means a liability that would be imposed by law in the absence of any contract of agreement. (emphasis added).
State Farm contends that the School Board, in contracting to hire its employee, assumed the employee's tort liability because La.Civ.Code art. 2320 renders an employer liable for the torts of its employee committed in the course and scope of employment. State Farm therefore argues that the employment agreement constituted an "insured contract" and rendered Titan's coverage primary under Paragraph 5(b) of Titan's policy.
Titan, on the other hand, argues that the School Board did not "assume the tort liability *1330 of another" under the employment contract, but that the Board's liability for its employee's torts arose vicariously by operation of law. An assumption of liability by contract, according to Titan, implies that the liability would not exist without the assumption, and since La.Civ.Code art. 2320 imposes liability on an employer for the tortious conduct of its employee, the Board never "assume[d] the tort liability of another."
The key word is "assume." The definition of "assume" is "to take on, become bound as another is bound, or put oneself in place of another as to an obligation or liability." Black's Law Dictionary 122 (6th ed. 1990). A second definition is "to take upon oneself (the debts or obligations of another)." Webster's New Universal Unabridged Dictionary 91 (1989).
Under these definitions, the word "assume" in Titan's policy requires some exercise of volition on the part of the insured to undertake or incur liability which did not exist prior to the assumption. In this case, the employment contract merely gave rise to the status of the School Board as an employer. It was the law governing that status, and not any contractual assumption of liability, which made the School Board liable for its employee's tort. Furthermore, the word "another" in the pertinent policy provision, which apparently refers to an unrelated person for whom the Board would not be liable in the absence of contractual assumption of liability, supports the conclusion that the provision does not apply to the employees for whom the insured is vicariously liable by operation of law.
State Farm further argues that since an insurance policy is an adhesionary contract, any contradiction or ambiguity should be construed against Titan, the party who drafted the policy. See La.Civ.Code art. 2056; Insurance Co. of North America v. Solari Parking, 370 So.2d 503, 507 (La.1979). This general rule of construction, however, only applies when there are two equally reasonable interpretations of the contractual provision in question. Louisiana Ins. Guar. Ass'n v. Interstate Fire and Casualty Co., 93-0911 (La. 1/14/94); 630 So.2d at 770.
In the present case, the named insured was the Board, which could only incur liability through the actions and omissions of its employees. Acceptance of State Farm's suggested interpretation of the policy would lead to the finding of primary coverage in every case, thereby rendering meaningless and without effect the excess provisions for non-owned automobiles in Paragraph 5(a) of Titan's policy. Each provision of a contract must be interpreted in light of the other provisions, and a provision susceptible of different meanings must be interpreted with a meaning that renders it effective rather than one which renders it ineffective. La.Civ. Code arts. 2049-2050.
Moreover, the Civil Code articles and corresponding jurisprudence which mandate strict construction are primarily designed to protect an unwary policyholder from the "small print" often injected into insurance contracts by those with superior bargaining power. See Golz v. Children's Bureau of New Orleans, 326 So.2d 865, 869 (La.1976). The present case involves a dispute between two insurance companies, and the insured is afforded the same protection regardless of whether Titan's coverage is interpreted to be primary or excess.
We therefore conclude that the School Board's employment agreement with its employee was not an "insured contract" by which the School Board "assume[d] the tort liability of another." Accordingly, the coverage provided by Titan's policy is excess.
The judgment of the court of appeal is reversed, the judgment of the trial court is reinstated, and the case is remanded to the trial court for further proceedings.
NOTES
[*] Judge Charles R. Lindsay, Court of Appeal, Second Circuit, sitting by assignment in place of Justice James L. Dennis. Pursuant to Rule IV, Part 2, § 3, Judge Lindsay was not on panel.
[1] 1. State Farm's policy provided: "[I]f our vehicle liability coverage applies, we are liable only for our share of the damages. Our share is the percent that the limit of liability of this policy bears to the total of all vehicle liability coverage applicable to the accident."

State Farm's policy limits were $100,000. The limits of Titan's policy were $1,000,000. Therefore, if State Farm is correct that Titan's policy also provided primary coverage, State Farm will be liable for only a small portion of the damages. Otherwise, State Farm will be liable for the first $100,000 of damages, with Titan liable only for any damages in excess of that amount.