735 So.2d 46 (1999)
Irteza HUSSAIN
v.
ENTERPRISE LEASING COMPANY, INC., Travelers Insurance Company and Constitution State Service Company.
No. 98-CA-806.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
Harry L. Shoemaker, III, Baton Rouge, Louisiana, Attorney for Appellant Irteza Hussain.
Donna Powe Green, Hattiesburg, MS, Attorney for Appellee Enterprise Leasing Company, Inc.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Plaintiff, Irteza Hussain, appeals from a summary judgment in favor of defendant, *47 Enterprise Leasing Company (Enterprise), dismissing the suit against it for uninsured/under insured motorist (UM) coverage. We affirm, as amended.
On May 3, 1994, plaintiff rented a 1993 Oldsmobile Cutlass automobile from defendant in Houma, Louisiana. While traveling on U.S. Highway 90 in St. Charles Parish, plaintiff was struck from the side by a car driven by Myra Soule (Soule), who was attempting to cross U.S. Highway 90.
Plaintiff eventually settled all claims against Soule and her liability carrier, All-state Insurance Company, for the policy limits of $10,000. On August 3, 1995, plaintiff filed suit against defendants, Enterprise, The Travelers Insurance Company (Travelers) and his UM carrier, Financial Indemnity Company (Financial). Plaintiff settled his claims against Financial for $5,500 and dismissed his suit against it in September of 1997.
On September 12, 1997, Enterprise and Travelers filed a joint motion for summary judgment, alleging that plaintiff failed to request and pay a fee for supplemental liability insurance. Thus, plaintiff was not entitled to UM coverage under the rental agreement. The matter was heard on March 19, 1998, and the summary judgment was granted on March 31, 1998.
On appeal, plaintiff argues that the trial judge erred in refusing to consider parol evidence that plaintiff was told by the rental agent that the $7 per day extra fee that he paid to Enterprise provided full insurance. Second, plaintiff asserts that the trial judge erred in finding that there was no supplemental liability protection in effect and, therefore, defendants had no obligation to offer plaintiff UM and that there was no UM coverage. Third, plaintiff asserts that the trial judge erred in concluding that there were no issues of material fact to preclude the summary judgment.
Plaintiff asserts that the contract was ambiguous because plaintiff did not initial the box on the agreement stating "Renter declines optional supplemental liability protection (SLP)" nor did he initial the box where the renter requested the optional SLP. This ambiguity was further enhanced when the agent modified the printed terms by writing numbers on the agreement next to these boxes. Because of the ambiguity, plaintiff asserts that he is entitled to use parol evidence to show that the rental agent informed him that payment of the $7 fee would provide full insurance coverage, including SLP. Then by obtaining SLP, he should have been permitted to accept or reject UM. Since he was not provided this opportunity, plaintiff argues that he is entitled to UM coverage. Plaintiff argues that, because of the ambiguity, we should look to the intent of the parties. Further, he contends that the contract should be interpreted against defendants because it is a standard contract and a contract of adhesion, citing La.C.C. art. 2056, the comments to the article and Golz v. Children's Bureau of New Orleans, 326 So.2d 865, 869 (La.1976).
Defendants argue that plaintiff should have read the terms of the agreement, which requires a party to select and pay for SLP. Defendant notes that it is self-insured under La.R.S. 32:1042 and is not mandated by law to provide UM coverage to a customer, citing Hearty v. Harris, 574 So.2d 1234, 1238-1239 (La.1991).

SUMMARY JUDGMENT
La. C.C.P. art. 966 provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Under the 1997 amendment to the article, the summary judgment is favored, but the burden of proof remains with the movant.

CONTRACT INTERPRETATION
Interpretation of a contract is the determination of the common intent of the parties. *48 La.C.C. art.2045. However, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art.2046; Ochsner Clinic v. Maxicare Louisiana, Inc., 95-959 (La.App. 5th Cir. 3/26/96), 672 So.2d 979, 981.
In Golz, the Louisiana Supreme Court stated:
Broadly defined, a contract of adhesion is a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. Often in small print, these contracts sometimes raise a question as to whether or not the weaker party actually consented to the terms ...
Golz v. Children's Bureau of New Orleans, 326 So.2d at 869.
In Lewis v. Hamilton, 94-2204 (La.4/10/95), 652 So.2d 1327, 1330, the court stated that the Civil Code articles and jurisprudence which mandate strict construction of a contract of adhesion are primarily designed to protect an unwary policyholder from the "small print" often injected into insurance contracts by those with superior bargaining power. However, a person who signs a written instrument is presumed to know its contents and cannot avoid the obligations contained in the agreement by claiming that he did not read the instrument. Magri v. Lee, 470 So.2d 910, 911-912 (La.App. 5th Cir.1985); Blount v. Smith Barney Shearson, Inc., on limited rehearing, 96-0207 (La.App. 4th Cir. 2/12/97), 695 So.2d 1001, 1003-1004, writ denied, 97-0952 (La.5/30/97), 694 So.2d 246.
In this case, the rental agreement is a printed form. On the form, there are two sets of boxes, each containing three statements that the renter is to initial in order to accept or reject. The statements refer to damage waiver, personal accident insurance and supplemental liability protection. The two sets of boxes are placed side by side. On the left set, the first statement provides, "RENTER ACCEPTS DAMAGE RESPONSIBILITY." Under it, the second box states, "RENTER DECLINES PERSONAL ACCIDENT INSURANCE." Below that, the third box provides, "RENTER DECLINES OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP)." Within each box is a space for the renter to sign or write his initials.
On the right-hand side, the first box states, "RENTER REQUESTS PARTIAL DAMAGE WAIVER (DW) AT DAILY FEE SHOWN IN ADJOINING COLUMN SEE REVERSE THIS IS NOT INSURANCE." Below, the second box states, "RENTER REQUESTS PERSONAL ACCIDENT INSURANCE (PA) AT DAILY FEE SHOWN IN ADJOINING COLUMN AND HAS READ THE POLICY CERTIFICATE." The third box, of the right-hand set, is "THE RENTER REQUESTS OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP) AT DAILY RATE SHOWN IN COLUMN SEE REVERSE."
Next to each statement in both the left and right side boxes, there is a space for the renter to initial or sign. The spaces next to the left side boxes are blank. In the right-hand boxes, plaintiff initialed the spaces next to the first two boxes, requesting the damage waiver and personal accident insurance. The box referring to SLP is blank. On the reverse of the agreement, the agreement defines PAI and DW and SLP. Paragraph six provides that coverage does not apply if the daily SLP charge is not paid. Paragraph eight refers to PAI. It states that if the renter signs the space accepting the insurance, coverage is subject to the terms and conditions of the actual policy which the renter is instructed to read.
Next to these sets of boxes is a wide, blank column, in which the agent noted the charges$7.00/per day, pk 6. There were numbers scribbled above and below. At *49 the bottom, the total charges of $240 are written and a deposit of $56 is noted.
After reading the contract, we find that the agreement is not ambiguous and that the trial judge did not err in refusing to permit parol evidence to seek the intent of the parties. La.C.C. art.2046. Although provided the opportunity to do so, plaintiff chose not to pay for supplemental liability protection. Thus, plaintiff was not entitled to UM insurance coverage and we affirm the judgment.
We note that the judgment did not include Travelers, although plaintiff failed to produce any evidence of Travelers' liability. Travelers filed the Motion for Summary Judgment jointly with Enterprise. Thus, it should have been dismissed with Enterprise from the suit and we so amend the trial court judgment.
Accordingly, the judgment is hereby amended to dismiss all claims against Travelers. The judgment is affirmed as amended.
Costs of this appeal are to be paid by plaintiff.
AFFIRMED, AS AMENDED.