732 So.2d 1291 (1999)
Larry LANDRY d/b/a Larry Landry Insurance
v.
PRIME INSURANCE SYNDICATE, INC.
No. 99-C-0577.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1999.
Graham N. Smith, Onebane, Bernard, Torian, Diaz, Mcnamara & Abell, Lafayette, Louisiana, Counsel for Plaintiff/Respondent Larry Landry, d/b/a Larry Landry Insurance.
Lawrence J. Smith, George N. Bischof, Jr., Lawrence J. Smith & Associates, New Orleans, LA, Counsel for Defendant/Relator Prime Insurance Syndicate, Inc.
Court composed of Chief Judge ROBERT J. KLEES, Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES.
PLOTKIN, Judge.
Defendant Prime Insurance Syndicate, Inc. seeks supervisory review of a trial court judgment denying its exception of improper venue and exception of nonjoinder of an indispensable party in this declarative judgment action. We affirm.

Facts
Plaintiff Larry Landry d/b/a Larry Landry Insurance (hereinafter "Landry") procured commercial general liability insurance policies from Prime Insurance Syndicate, Inc., a foreign insurer not licensed *1292 in Louisiana, but authorized to do business in Louisiana as a surplus lines insurer. The policies were issued through the Illinois Insurance Exchange in favor of two local businesses, On Call Medical Transport, located in St. Bernard Parish, and Duxworth Roofing & Sheet Metal, Inc. located in Orleans Parish.
In order to secure surplus line insurance policies, LSA-R.S. 2:1257 allows an insurance agent like Landry, which does not have broker's license, to go through an intermediate broker. Accordingly, Landry contacted Marathon Insurance Brokers, Inc., which is located in Alabama. Landry claims that it paid all necessary premiums for the policies to Marathon. However, when both businesses experienced insured losses, Prime Insurance indicated that it had not received all of the premiums. Although Prime Insurance paid the losses, it sought payment of the allegedly-unpaid premiums from Landry, sending a letter demanding $8,333 less $1,227 commission, for a total of $7,106. In response, Landry filed a petition for declaratory judgment, seeking a judgment that it owes no additional premiums. Prime Insurance responded with exceptions to venue, failure to name an indispensable party, and no cause or right of action. The trial court denied the exceptions to venue and failure to name indispensable parties. Prime Insurance filed the instant application for supervisory writs.

Venue
Prime Insurance claims that La. C.C.P. art. 42(7), which makes venue proper against a foreign insurance company only in East Baton Rouge Parish, is the only Louisiana venue provision which applies to this case. The trial court found that the extensions to the general venue provisions established by La. C.C.P. art. 76, relative to suits in an "action on an insurance policy," or La. C.C.P. art 76.1, relative to suits on a contract, apply to this case. The trial court also noted that St. Bernard Parish would have been the only parish of proper venue had Prime Insurance sued for premium payments.
We find no error in the trial court judgment on this issue. The instant action involves a complicated set of business transactions involving three companies. However, we believe that Landry's declaratory judgment action against Prime Insurance is best characterized as an action on a contract. Accordingly, the provisions of La. C.C.P. art. 76.1 apply. That article provides as follows:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
In the case of the insurance policy in favor of On Call Medical Transport, St. Bernard Parish is the parish where work or services were to be performed pursuant to contract.
Moreover, under the ancillary venue doctrine established by the Louisiana Supreme Court in Underwood v. Lane Memorial Hospital, 97-1997, (La. 7/8/98), 714 So.2d 715, venue is proper in St. Bernard Parish in the action on the insurance contract issued in favor of Duxworth Roofing and Sheet Metal. That doctrine was explained in Underwood as follows:
Ancillary venue applies when separate claims involving common or identical questions of fact share no common venue. The concept of ancillary venue allows such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party.
Id. at 719. Accordingly, we deny relief concerning the trial court judgment denying the exception of improper venue filed by Prime Insurance.

Indispensable Parties
Prime Insurance also claims that Marathon is an indispensable party to Landry's declaratory judgment action. In support *1293 of that argument, Prime Insurance cites La. C.C.P. art. 1880, which requires that "all persons ... who have or claim any interest which would be affected by the declaration" to be made parties to a declaratory judgment action.
However, Marathon does not have any interest that would be affected by the declaration sought by Landry in the instant case. This conclusion is based on LSA-R.S. 22:1118(E)(1), which provides as follows:
Any insurer which issues or delivers a policy or contract of insurance pursuant to the application or request of an agent or broker who is not authorized to represent said insured as an agent shall be deemed to have authorized such agent or broker to act on insurer's behalf as payment of any premium on such policy or contract of insurance. The payment to an agent or broker shall be payment to the insurer with all resultant obligations and duties.
(Emphasis added.)
Landry claims that it paid all necessary premiums on the policies to Marathon. Under the provisions of LSA-R.S. 22:1118(E)(1), Landry is entitled to a declaratory judgment against Prime Insurance that it owes no more payments, if it is able to prove that contention since Louisiana law equates payment to the broker to payment to the insurer. However, such a declaration would have no affect on the interests of Marathon. Prime Insurance would then be required to seek payment of the premiums from Marathon.
Moreover, Louisiana law no longer recognizes indispensable parties. Mandatory joinder is required under the provisions of La. C.C.P. art. 641 et seq. only under clearly defined circumstances, none of which are present in the instant case. Accordingly, we deny relief concerning the trial court judgment denying the exception of nonjoinder of an indispensable party.

Conclusion
Accordingly, we grant the application for supervisory writs filed by Prime Insurance, but deny relief. The case is remanded to the trial court for further proceedings consistent with this opinion.
WRIT GRANTED; RELIEF DENIED.