766 So.2d 717 (2000)
CLARENDON NATIONAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
William BELT, et al., Defendants-Appellees.
No. 33,997-CA.
Court of Appeal of Louisiana, Second Circuit.
August 25, 2000.
Writ Denied November 17, 2000.
*718 Provosty, Sadler, Delauney, Fiorenza & Sobel by John D. Ryland, Alexandria, Counsel for Plaintiff-Appellant.
Rodney M. Rabalais, Marksville, Counsel for Defendants-Appellees, William O. Belt and John J. Guillory.
Alton T. Moran, Baton Rouge, Counsel for Defendants-Appellees, Jeanette Armand, Barton Armand and Craig Armand.
Before NORRIS, PEATROSS and DREW, JJ.
DREW, J.
Clarendon National Insurance appeals a judgment sustaining an exception of improper venue and transferring its suit for declaratory judgment to Avoyelles Parish. Finding that venue is proper in Caddo Parish, we reverse and remand for the trial court's consideration of a pending exception of lis pendens and a motion to transfer for forum non conveniens.

FACTS
On November 3, 1998, John Guillory, an employee of the Avoyelles Parish Sheriffs Department, was operating a department *719 vehicle in Avoyelles Parish when the trailer he was towing detached and struck a vehicle driven by Harold Armand, killing Armand. Jeanette Armand, Harold Armand's wife and a passenger in their vehicle, was injured. William Belt is the Sheriff of Avoyelles Parish. Clarendon is the liability insurer for the Avoyelles Parish Sheriff's Department ("APSD").
Armand's widow and children filed suit in Avoyelles Parish against Belt and Clarendon on January 26, 1999. They subsequently amended their petition to add Guillory, Timothy Ducote and Joseph Murray, also employees of the APSD, as defendants.
On June 4, 1999, Clarendon filed a petition for declaratory judgment in Caddo Parish. Named as defendants were Belt, Guillory, Jeanette Armand, Barton Armand and Craig Armand. As stated in that petition, the trailer was manufactured by the APSD, was 16 feet long and four feet wide and had a load capacity of over 2,000 pounds. Clarendon alleged that "covered autos" under its policy are limited to specifically described autos, and for liability purposes, hired autos or non-owned autos. Clarendon further alleged that the trailer is not listed as a covered auto in the policy. Clarendon specifically requested a determination that the policy "provides no comprehensive and/or collision coverage on the Trailer and no liability coverage to William Belt, John J. Guillory or any employee or agent of the [APSD], arising from the use of a non-specified auto."
The Armands filed the declinatory exception of lis pendens in response to Clarendon's petition. Sheriff Belt and Guillory filed the declinatory exceptions of improper venue and lis pendens, and in the alternative, a motion for transfer to Avoyelles Parish due to forum non conveniens.
The trial court rendered judgment on January 25, 2000. The exception of improper venue was sustained, and the case was transferred to the 12th Judicial District Court in Avoyelles Parish. The court deferred ruling on the exception of lis pendens to a court of proper venue.

DISCUSSION

Exception of Improper Venue
Clarendon argues on appeal that the trial court erred in granting the exception of improper venue. Clarendon contends that venue is proper in Caddo Parish under La. C.C.P. art. 76.1, which reads:
Art. 76.1. Action on contract
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
Appellees counter that La. C.C.P. art. 76, rather than Article 76.1, would supply venue in this action seeking a declaratory judgment on an insurance policy. La. C.C.P. art. 76 provides:
Art. 76. Action on insurance policy
An action on a life insurance policy may be brought in the parish where the deceased died, the parish where he was domiciled, or the parish where any beneficiary is domiciled.
An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.
An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.
The general rules of venue are set forth in La. C.C.P. art. 42. The rule of strict construction regarding the exceptions provided in La. C.C.P. arts. 71 through 85 has been relaxed. Coleman v. Fisher Lumber Corp., 28,446 (La.App.2d Cir.6/26/96), 677 So.2d 678, writ denied, 96-1789 (La.9/3/96), 678 So.2d 558. See also Jordan v. Central Louisiana Electric Co. Inc., 95-1270 (La.6/23/95), 656 So.2d 988. La. C.C.P. *720 arts. 76 and 76.1 are both permissive venue exceptions. See La. C.C.P. art. 45.
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Lewis v. Hamilton, 94-2204 (La.4/10/95), 652 So.2d 1327; Block v. St. Paul Fire & Marine Ins. Co., 32,306 (La.App.2d Cir.9/22/99), 742 So.2d 746. La. C.C.P. art. 76.1 does not expressly limit its application to any particular forms of contracts.
We note that Art. 76 contains the heading, "Action on insurance policy." Art. 76 was enacted as part of the adoption of the Louisiana Code of Civil Procedure by Act 15 of 1960. We further note that Art. 76.1 has as its heading, "Action on contract." Art. 76.1 was enacted by Act 217, § 2 of 1991. Nonetheless, the "headings of the articles ... are used for purposes of convenient arrangement and reference, and do not constitute parts of the procedural law." La. C.C.P. art. 5057.
The Louisiana Code of Civil Procedure Articles are to be construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. La. C.C.P. art. 5051. When the language of an article is clear and free from ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit. La. C.C.P. Art. 5052.
In Coleman v. Fisher Lumber Corp., supra, this court discussed the application of Article 76.1:
As we appreciate Art. 76.1, "an action on a contract," of whatever type, may be brought in "the parish where any work or service was performed or was to be performed under the terms of the contract." Our emphasis. The article is not facially ambiguous and does not restrict or limit its applicability to actions on certain types of contracts or to situations where a "substantial" or some other measurable amount of the contractual work or service was performed or was to be performed in the parish where the action is brought.
 Id., 677 So.2d at 684.
 Underlined emphasis ours.
See also Landry v. Prime Ins. Syndicate, Inc., 99-0577 (La.App. 4th Cir.5/12/99), 732 So.2d 1291. Landry, an insurance agent, filed a petition for declaratory judgment against a general liability insurer, seeking a judgment that he owed no additional premiums. Prime Insurance, a foreign insurer, had issued policies covering businesses located in St. Bernard and Orleans Parishes. The Fourth Circuit agreed with the trial court that venue was proper in St. Bernard under La. C.C.P. art. 76.1, finding that the declaratory judgment action in that matter was "best characterized as an action on a contract." Id., 732 So.2d at 1292.
As stated previously, an insurance policy is a contract. Clarendon filed suit for a declaratory judgment of its rights and responsibilities under this contract. As such, this declaratory judgment action is also an action on a contract, triggering the venue rules of La. C.C.P. art. 76.1.
We next determine whether any work or service was performed or was to be performed under the terms of the contract in Caddo Parish. Made a part of this record are depositions from Michael DeSoto and Paul Kyle.
Michael DeSoto, an independent insurance agent, is president of MMC Insurance, Inc. d/b/a First Insurance, Marksville. He sells Clarendon insurance through Clarendon's general agent, Deep South Surplus, Inc., which has its office in Caddo Parish. Deep South contracted with First Insurance to present applications for insurance to Deep South. DeSoto has similar contracts with other general agents.
DeSoto does not have the power to bind Clarendon or Deep South, nor can he issue policies on behalf of Clarendon or Deep South. Premiums are paid to DeSoto, who *721 then sends the proper amount to Deep South. DeSoto completes the paperwork on claims and then forwards this information to Deep South.
Paul Kyle, a commercial underwriter for Deep South, testified that Deep South acts as a general agent for Clarendon. According to Kyle, Deep South does "everything on behalf of Clarendon." Deep South examines risks, rates policies, binds policies, underwrites policies, issues policies, adjusts claims and does audits for Clarendon. Deep South has the authority to issue or deny a policy. David Disiere, Deep South's owner, signs the actual policies on behalf of Clarendon. The policies are issued in Caddo for delivery to other parishes.
For the policy at issue in this case, the application was received in the Caddo office, where it was screened, rated, underwritten and bound. Contact for the purposes of underwriting, rating and binding was made over the phone. Previous claims on this policy were adjusted in Caddo.
It is apparent from this record that work under the insurance policy was performed or was to be performed in Caddo Parish. The trial court erred in granting the exception of improper venue.

La. R.S. 13:5104
Appellees contend that venue is proper only in Avoyelles Parish under the terms of La. R.S. 13:5104, which provides, in relevant part:
B. All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
A sheriff is a political subdivision. La. R.S. 13:5102(B). Guillory is an employee of a political subdivision.
The venue provisions of La. R.S. 13:5104(B) are not applicable to this case. Clarendon has not filed suit against Sheriff Belt or Guillory for their "conduct." Clarendon is simply seeking a judicial declaration of its rights and responsibilities under the insurance policy relative to the facts of the accident.
We recognize that La. R.S. 13:5101(B) provides, with our emphasis:
[The Louisiana Governmental Claims Act] applies to any suit in contract or for injury to person or property against the state, a state agency, an officer or employee of the state or a state agency arising out of the discharge of his official duties or within the course and scope of his employment, or a political subdivision of the state, as defined herein, or against an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment....
However, compare Section B of La. R.S. 13:5104 to Section A ["All suits filed against the state of Louisiana or any state agency may be instituted ...."] and Section C ["All suits filed against a coroner shall be instituted ...."] of the same statute. Unlike Section B, neither Section A nor Section C contains any language limiting its application to suits "for conduct arising out of the discharge of his official duties or within the course and scope of his employment."
Even if the court were to apply La. R.S. 13:5104(B) in this matter, the result would be the same. A political subdivision can be sued in one of the two venues named in the statute: "[T]he district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises."
A 1996 amendment substituted "cause of action" for "cause" near the end of La. *722 R.S. 13:5104(B). Prior to the 1996 amendment, this court commented on the distinction between "cause" and "cause of action":
The "cause" of Section 5104 B is not synonymous with "cause of action." "Cause" is a narrower concept, roughly analogous to a theory of recovery. "Cause" is the principle upon which a specific demand is grounded, while "cause of action" embraces the cause and the demand and is related to the party making the demand.

Sono-Topes, Inc. v. Franklin Parish Hosp. Service Dist. No. 1, 28,355 (La.App.2d Cir.2/28/96), 669 So.2d 612.
In Commercial Nat. Bank in Shreveport v. First Nat. Bank of Fairfield, Tex., 603 So.2d 270 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1151 (La.1992), this court analyzed the application of La. R.S. 13:5104(B) [prior to the "cause of action" amendment] to a petition for declaratory judgment on a trust indenture with the Louisiana Housing Finance Agency, a political subdivision. After holding that the action was a suit in contract, this court stated:
In determining what facts are pertinent concerning this contract for purposes of venue, we note that in 1991 the Legislature established special venue provisions for an action on a contract, allowing such an action to be brought in a parish other than the defendant's domicile.... Considering these venue provisions [Art. 76.1] in pari materia with those of 13:5104(B), we hold that Caddo Parish is a proper venue in this case because a very substantial portion of the services performed and to be performed by the trustee under the Trust Indenture have been and will be performed in Caddo Parish.
* * * * * *
The general venue provisions of the Code of Civil Procedure allow a balancing of the interests of the plaintiff and the defendant in a contract action by considering both the domicile of the defendant (Art. 42) and pertinent facts concerning the contract (Art. 76.1). We conclude that the Legislature, through the alternative special venue provisions of 13:5104(B), intended to allow the same type of balancing of interests in contract actions in which a political subdivision is a defendant.

Id., 603 So.2d at 273.
Deep South performed work in Caddo Parish on behalf of Clarendon under the insurance policy. As such, even if La. R.S. 13:5104 was applicable in this matter, venue would still be proper in Caddo Parish as the parish in which the cause of action arose.

Forum Non Conveniens/Lis Pendens
The trial court deferred ruling on the exception of lis pendens, and apparently never considered the alternative motion for transfer to Avoyelles Parish due to forum non conveniens. La. C.C.P. art. 123 allows transfer to another district court where the action might have been brought for the convenience of the parties and witnesses and in the interest of justice. In light of this article, we note that: (i) The accident occurred in Avoyelles Parish; (ii) Belt is Sheriff of Avoyelles Parish; (iii) Guillory is a Deputy Sheriff in Avoyelles Parish; (iv) Jeanette Armand and Craig Armand are residents of Avoyelles Parish; (v) Barton Armand is a resident of East Baton Rouge Parish; and (vi) the only apparent link to Caddo Parish is Deep South, which is not a party to this action. The trial court should take these factors into consideration when ruling on the motion to transfer to Avoyelles Parish for forum non conveniens.

DECREE
With each party to bear their own costs, the judgment is REVERSED and the matter is REMANDED to the trial court for consideration of the pending exception of *723 lis pendens and the motion to transfer for forum non conveniens.