807 So.2d 940 (2002)
Joy CORTINAS, Individually and on Behalf of her Minor Son, Edward Michael Cortinas
v.
HIGHWAY TRANSPORT, INC., and Liberty Mutual Insurance Company.
No. 01-CA-725.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 2002.
*941 Deana D. Palmisano, Appeal Counsel, Sessions, Fishman & Nathan, L.L.P., New Orleans, LA, Attorney for Appellants, Joy Cortinas, individually and on behalf of her minor son, Edward Michael Cortinas.
Thomas J. Eppling, Appeal Counsel, Staines & Eppling, Lance E. Harwell, Metairie, LA, Attorney for Appellees, Highway Transport, Inc. and Liberty Mutual Insurance Company.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
JAMES L. CANNELLA, Judge.
In a workers' compensation case, Plaintiff, Joy Cortinas, individually and on behalf of her minor son, Edward Cortinas, appeals from a summary judgment dismissing her action against Defendant, Highway Transport, Inc. for the death of her husband, Edward Cortinas. We affirm.
The decedent was employed by Defendant as a long-distance truck driver. On August 16, 1999, he left the facility in Reserve, Louisiana for St. Louis, Missouri. Along the way, he stopped at the Flying J truck stop in Matthews, Missouri. While there, he suffered an intracerebral hemorrhage. He was alone and his medical condition remained undetected for several days. Because no one was aware of his condition, he developed renal failure and pneumonia. He was found on August 19, 1999 unconscious, panting and lying over some type of electrical device that caused a burn to his leg. He was brought to a hospital and underwent brain surgery to relieve the pressure from the swelling, but died six days later on August 25, 1999.
The Plaintiff filed a claim for workers' compensation benefits on May 8, 2000. On March 27, 2001, Defendant filed a Motion for Summary Judgment asserting that the injuries are not compensable under the Louisiana Workers' Compensation law. A hearing on the motion was held on April 11, 2001. On April 24, 2001, the trial judge granted the motion, finding that the injuries are not compensable under La. R.S. 23:1021(7)(e).

RULE TO SHOW CAUSE
We issued a show cause order to determine whether this Court is the appropriate circuit court to entertain this appeal.
*942 Under La.R.S. 23:1310.4, the Plaintiff in a workers' compensation case is mandated to "elect the situs of necessary hearings by the workers' compensation judge." The claimant has the choice of the judicial district of the parish of his domicile, the judicial district of the parish where the injury occurred, or the judicial district of the parish of the principal place of business of his employer. Id. The 1080 form provided to claimants by the Office of Workers' Compensation does not provide for this election of venue. Nevertheless, the claimant has that right and an appeal from a decision of the trial judge is to the "Circuit Court of Appeal" for that judicial district. R.S. 23:1310.5.
When this action arose, the Plaintiff resided in St. John the Baptist Parish and the Defendant had a trucking facility there. The alleged accident occurred in Tennessee. Following the death of her husband, Plaintiff sent a claim for benefits to the Office of Workers' Compensation in Baton Rouge, pursuant to the instructions on the 1080 form. The Office of Workers' Compensation in Baton Rouge assigned the matter to Workers' Compensation District 6, based on the residence of Plaintiff and the decedent. Although Workers' Compensation District 6 includes St. John the Baptist Parish, most of District 6 encompasses the parishes and Louisiana District Court judicial districts that file appeals to the First Circuit Court of Appeal. The case was subsequently heard in Franklinton, Louisiana, which is in Washington Parish.
We conclude that a transfer to the First Circuit Court of Appeal may be appropriate. However, our Court has subject matter jurisdiction. No election of venue was made by this claimant. The Office of Workers' Compensation transferred the original claim to District 6 and its appeal to this Court. The parties have no objection. Consequently, because of the aforementioned facts in this case, we determine not to transfer the matter and to maintain the appeal in this Circuit.

MERITS
The Plaintiff contends that the trial judge erred in granting the summary judgment to Defendant. The Plaintiff argues that Defendant's failure to take action when the decedent failed to report daily, as usual, and the satellite communications system showed that his truck was stationary longer than it should have been, constituted the "accident" within the meaning of the workers' compensation act. The Plaintiff further asserts that the cause of death from renal failure is not one of the illnesses excluded from benefits under the workers' compensation act.
The Plaintiff argues that the Defendant had a satellite communications system which twice daily reported the movements of the drivers so that the date of arrival at the destination could be determined. When the decedent failed to report and the satellite showed that the truck was stationary longer than usual, the Defendant should have investigated further. By failing to do so, the decedent lost any chance of survival from the stroke and developed complications that caused his death. The medical testimony indicated that had he been discovered within 24 hours, it was more probable than not that he would have survived.
La.R.S. 23:1021(1) defines an accident as, "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(7)(a) provides that, "`Injury' and `personal injuries' include only injuries by violence to the physical structure of the body and such disease or infections as *943 naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted."
La.R.S. 23:1021(7)(e) states:
A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death. [Emphasis added]
The Plaintiff's expert, Dr. Elma LeDoux, a cardiologist and internist, reviewed the decedent's medical records which showed that he had a history of hypertension (high blood pressure) and diabetes. He was unconscious when found and was covered with vomitus and urine, which is usual with a stroke. The doctor stated that the subsequent hospital tests showed that the decedent suffered a large left hemorrhage of the brain when a blood vessel broke. The doctor testified that this was a vascular injury related to the decedent's high blood pressure. He had also aspirated food into his lungs, which may have occurred after a seizure or vomiting after his loss of consciousness, and his kidneys were failing. According to his previous medical records, the decedent had a mild, underlying kidney problem since 1996. Nevertheless, he was fairly young, healthy, and his blood pressure was under control.
Dr. LeDoux stated that following his collapse from the stroke, the decedent also suffered a burn from falling on top of some type of electrical device. Because he was in this position for such a long time, he sustained muscle tissue damage. That, in turn, led to renal failure because the prolonged pressure over the muscles released a large number of certain enzymes.
Dr. LeDoux testified that the decedent was transferred to a second hospital where a neurological procedure was performed to relieve the pressure of the blood flow in the brain from the hemorrhage. He was also put on dialysis to help the kidneys function. However, the decedent did not survive. The death certificate indicated that the decedent's immediate cause of death was intracerebral hemorrhage and renal failure. Dr. LeDoux agreed with that conclusion, but further stated that the burn was also a direct cause because it "resulted in the muscle damage which released the protein into the bloodstream clogging up the kidneys and resulting in rhabdomyolysis." She added that the aspiration of the stomach contents and the resultant compromise of the lungs and the burn also indirectly played a role in his death, because either could have been the source of sepsis, or a bloodstream infection, that further impaired his kidneys.
Dr. LeDoux testified that 25% of those suffering a stroke will die immediately. However, since the decedent did not die right away, she thought that he had an excellent chance of recovering, had his condition been discovered within 24 hours.
The employee in a workers' compensation case has the burden of proving that an accident occurred in the course and scope of his employment, that the accident caused his injury and that the injury caused his disability. Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94), 630 So.2d 1303, 1306-07; *944 Araujo v. Marriott Corp., 98-1129 (La. App. 5th Cir.3/30/99), 731 So.2d 432, 437; Cochennic v. Dillard's Dept. Store Warehouse, 95-705 (La.App. 5th Cir.1/17/96), 668 So.2d 1161, 1166; writ denied, 96-C-0419 (La.3/15/96), 669 So.2d 417.
La.C.C.P. art. 966 provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Under the 1997 amendment to the article, the summary judgment is favored, but the burden of proof remains with the movant. Hussain v. Enterprise Leasing Co., Inc., 98-806 (La.App. 5th Cir.3/10/99), 735 So.2d 46, 47.
The Plaintiff argues that the "accident" occurred when Defendant failed to take action promptly when the decedent failed to make his daily report and the satellite communications system showed that his truck was stationary longer than it should have been. We disagree. Under La.R.S. 23:1021(1), an accident is "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, ... directly producing ... objective findings of an injury...." [Emphasis added.] The Defendant's failure to take any action under these facts does not meet that definition. Furthermore, the question of whether Defendant could have prevented the decedent's death or minimized his injury is not relevant to a workers' compensation claim, as the employer's fault is not an issue.
The trial judge determined that the decedent suffered a "perivascular injury or illness," which led to his death, and that type of injury or illness is not compensable under R.S. 23:1021(7)(e). After our review, we find no error in that conclusion. The decedent would not have suffered the medical complications, but for the stroke. As his claim is excluded by R.S. 23:1021(7)(e), the trial judge did not err in granting Defendant's motion for summary judgment.
Accordingly, the summary judgment dismissing Plaintiff's claim is hereby affirmed. Costs of appeal are assessed against Plaintiff.
AFFIRMED.