_[2_LEON A. CANNIZZARO, JR., Judge.
The defendants in this case have filed applications for supervisory writs in connection with the trial court’s denial of their exceptions of improper venue. We hereby grant the defendants’ writ applications.
FACTS AND PROCEDURAL HISTORY
Two groups of defendants in this case each filed an application for supervisory writs seeking review of the trial court’s denial of their exceptions of improper venue. One writ application was filed by Jacobs Constructor, Inc. and Jacobs Engineering Group, Inc., and the other was filed by Travelers Indemnity Company, Travelers Insurance Company, and Hartford Accident and Indemnity Company. Because both writ applications sought review of the same trial court judgment, we granted a motion to consolidate the writ applications.
The plaintiffs in this case have sued the defendant relators for a declaratory judgment regarding insurance coverage in connection with a number of individual personal injury lawsuits that have been filed against the Jacobs entities. The plaintiffs filed suit in Orleans Parish, Louisiana. The relators filed exceptions of [^improper venue in the trial court claiming that the only proper venue in this case is in East Baton Rouge Parish.
The trial court denied the relators’ exceptions of improper venue. No written reasons were given for the court’s judgment.
DISCUSSION
La. C.C.P. art. 42 is the general venue provision in the Louisiana Code of Civil Procedure. Article 42 provides in relevant part as follows:
The general rules of venue are that an action against:
[[Image here]]
(2) A domestic corporation, a domestic insurer ... shall be brought in the parish where its registered office is located.
[[Image here]]
(4) A foreign corporation ... licensed to do business in this state shall be brought in the parish where its primary business office is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located.
[[Image here]]
(7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.
In the instant case one of the Jacobs entities is a domestic corporation with its domicile in East Baton Rouge Parish, and the other is a foreign corporation registered to do business in Louisiana with its domicile in East Baton Rouge Parish. Under paragraphs (2) and (4) of La. C.C.P. *133 art. 42, venue in East Baton Rouge Parish is proper in the case of both of the Jacobs entities. The defendant insurance companies are all foreign insurers. Therefore, under the general rules set forth in paragraph (7) of La. C.C.P. art. 42, the proper venue in this case with respect to the defendant insurance companies is East Baton Rouge Parish.
| ^Additionally, La. C.C.P. art. 76 provides in relevant part that “[a]n action on any other type of insurance policy [one other than a life or health and accident insurance policy] may be brought in the parish where the loss occurred or where the insured is domiciled.” Under article 76, venue as to the Jacobs entities would be proper in East Baton Rouge Parish, because that is where they are domiciled. Under La. C.C.P. art. 76, East Baton Rouge Parish is also a proper venue as to the defendant insurance companies, again because the insured Jacobs entities are domiciled there.
The trial court, however, denied the re-lators’ exceptions of improper venue. In their response to the relators’ writ applications, the plaintiffs have argued that the trial court’s determination that venue in Orleans Parish was proper, because La. C.C.P. art. 76.1 provides that “[a]n action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.” The plaintiffs argue that an insurance policy is a contract governed by the general rules regarding interpretation of contracts and, as such, falls under the provisions of article 76.1.
Because at least two lawsuits[1] filed against the Jacobs entities are pending in Orleans Parish, and because the plaintiffs are issuers of insurance polices that may require them to defend the Jacobs entities in Orleans Parish, the plaintiffs argue that a determination of proper venue in this case must be made under La. C.C. P. art. 76.1. The plaintiffs argue that article 76.1 sanctions proper venue in Orleans Parish, because service under the insurance policy contracts may be required to be 1 ¿performed in Orleans Parish. Although venue for the defendant insurance companies would ordinarily be proper only in East Baton Rouge Parish under La. C.C.P. art. 42 or La.C.C. P. art. 76, the plaintiffs argue that in this case under the concept of ancillary venue, Orleans Parish is also a proper venue for suit against those companies.
In Landry v. Prime Insurance Syndicate, Inc., 99-0577, p. 3 (La.App. 4 Cir. 5/12/99), 732 So.2d 1291, 1292, quoting Underwood v. Lane Memorial Hospital, 97-1997 (La.7/8/98), 714 So.2d 715, 719, this Court discussed the concept of ancillary venue as follows:
Ancillary venue applies when separate claims involving common or identical question of fact share no common venue. The concept of ancillary venue allows such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party.
(Emphasis added.)
In the instant case, however, the parties share a common venue, which is East Baton Rouge Parish. Venue is proper in East Baton Rouge Parish for the Jacobs entities under La. C.C. P. 76[2] as *134 well as under the general venue provisions of La. C.C.P. art. 42. Venue in East Baton Rouge Parish is also proper for the insurance company defendants under La. C.C.P. art. 42 and La. C.C.P. art. 76. I ./Where there is a common venue shared by all parties, the concept of ancillary venue is not applicable. In this case, there is a shared common venue in East Baton Rouge Parish, and that is the proper venue for this case.
CONCLUSION
Based on the foregoing discussion, we find that venue in this case is proper in East Baton Rouge Parish and that the trial court erred in denying the defendants’ exceptions of improper venue. We reverse the trial court’s judgment and remand this matter to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.

. A much larger number of lawsuits against the Jacobs entities have been filed in East Baton Rouge Parish, however.

. Because La. C.C.P. art. 76 specifically applies to actions on insurance policies, we find that it, rather than La. C.C.P. art. 76.1, is applicable in the instant case. See also Judge *134 Tobias’ concurrence in Crawford v. Blue Cross and Blue Shield of Louisiana, 2000-2026, p. 2 (La.App. 4 Cir. 12/5/01), 814 So.2d 574, 583, where he states that "[i]t is apparent, in view of the title to Act 217, that article 76.1 was intended to apply to construction contracts and not all contracts of every nature.”