hSCHOTT, Chief Judge.
On the application of State Farm Mutual Automobile Insurance Company we grant certiorari in order to consider the validity of the ruling of the trial court overruling relator’s exceptions of venue, improper cumulation of actions, vagueness, and no cause of action. The principal issue is whether the parish of the insureds’ domicile, where they filed suit against their uninsured motorist (UM) insurer, has venue over their claim against the insurer for penalties and attorneys fees under the provisions of LSA-R.S. 22:658 and/or R.S. 22:1220. We affirm.
Plaintiffs were injured in an automobile accident and brought suit in the Civil District Court for the Parish of Orleans against the adverse driver, his liability insurer and their own UM insurer, relator herein. Over two years after filing their suit, plaintiffs amended their petition to allege that relator was in bad faith for failing to make a timely and proper settlement of the claim. Relator filed its exceptions of venue, improper cumulation of actions, vagueness, and no cause of action to the amending petition.
In support of its exception of venue relator relies on Ieyoub ex rel. State v. W.R. Grace & Co., 1997-00181 (La.3/27/97), 692 So.2d 381. That case involved a tort action by the State against a manufacturer of asbestos materials |2and its liability insurers which was pending in Calcasieu Parish. In addition to *182 the tort action the State asserted a claim for penalties against the insurers under R.S. 22:1220. The insurers, which were both foreign insurers, filed exceptions of venue only with respect to the claim for penalties contending that venue over that claim was proper only in East Baton Rouge Parish pursuant to C.C.P. art. 42. The trial court overruled the exception, and the court of appeal affirmed the judgment in an unpublished opinion. The Supreme Court reversed these rulings in a memorandum order, sustained the exception, and transferred the penalty claim to East Baton Parish thereby separating it from the underlying tort claim.
The present- case is distinguishable. That case was a penalties claim against the liability insurers of the tort feasor; this case is a penalty claim by insureds against their own UM insurer. Many issues bearing on the underlying claim are related to the penalty claim. Judicial economy requires that both claims be litigated in the Civil District Court rather than for the causes of action to be split into separate suits in different venues. We do not agree with relator that Ieyoub requires such an unsatisfactory result in this ease. We conclude that the trial court correctly overruled the exception of venue.
Relator’s exception of improper cumulation of actions is premised on the theory that the exception of venue is meritorious. If the penalty claim could not proceed in the same venue as the tort claim it could not be joined in the same suit. Having decided otherwise we consider this exception to be moot.
As to the exception of vagueness, relator contends that the amending petition does not specifically allege the damages resulting from relator’s bad faith handling of the UM claim. Even if the amending petition were considered vague, we are not persuaded that this causes relator any irreparable injury such as to warrant the exercise of our supervisory jurisdiction. Relator can easily determine the details of the claim by means of discovery.
pin order to consider the exception of no cause of action, we consider only the factual allegations of the amending petition and accept them as true. These recite that relator had a duty to investigate the claim, and that it had the benefit of two years of discovery including the depositions of the plaintiff, the adverse driver and other witnesses, as well as access to the documentary evidence. The amending petition further alleges that liability was clear and damages were far in excess of the $50,000 of coverage on the adverse driver, but relator in bad faith failed to make a timely and proper unconditional tender to plaintiffs. Relator contends that the petition is defective because it does not contain allegations tracking the statutory language in R.S. 22:658 or R.S. 22:1220. This argument is without merit. A petition need not allege the law, only the facts, and if those facts taken as true provide a basis for a legal remedy the petition states a cause of action.
Accordingly, the judgment overruling relator’s exceptions is affirmed.

AFFIRMED.