JaPLOTKIN, Judge.
Defendant, Allstate Insurance Company, seeks review of an August 7, 1998 judgment overruling its dilatory exceptions of lack of procedural capacity and improper cumulation of actions and its declinatory exception of improper venue.

Facts

Plaintiffs and their minor children allegedly suffered personal injuries as a result of an automobile accident that occurred in Orleans Parish on August 7,1997, when the vehicle in which they were riding was rear-ended by a vehicle driven by defendant Robert Fair, an Orleans Parish resident. The accident occurred in Orleans Parish on August 7, 1997. The plaintiffs, Geraldine Reed, Bernice Reed, and Darlene Johnson, residents of Orleans Parish, filed suit on behalf of themselves and on behalf of the estates of their minor children in Orleans Parish Civil District Court. The plaintiffs’ petition specifically alleges that the fathers of all the minor children are absentees. In addition to Mr. Fair, his insurer, Allstate Insurance Company, a foreign insurance company licensed to do business in Orleans Parish, was named as a defendant. In addition to liability for their personal injuries, the ^plaintiffs alleged that Allstate was liable for penalties under LSA-R.S. 22:1220(B)(5) for its failure to make a reasonable settlement offer.
*1153 Allstate filed dilatory exceptions of lack of procedural capacity and improper cumulation of actions and a declinatory exception of improper venue, which were denied by the trial court. Allstate seeks supervisory writs of review. We grant writs, but deny relief.

Dilatory exception of lack of procedural capacity

In its first argument, Allstate argues the trial court erred in denying its exception of lack of procedural capacity because the petition fails to establish that the mothers have capacity to sue on behalf of their minor children. Specifically, Allstate argues that the plaintiffs failed to allege that they have been appointed as tutrixes or administra-trices of the estates of the minors.
The only allegations concerning procedural capacity are those found in the following paragraphs of plaintiffs’ petition:
IX.
At all times pertinent hereto, Kanitra Reed and Andranika Reed are the minor daughters of Geraldine Reed. Their father is an absentee and, therefore, under Article LCCP 683 C, the mother is the proper party plaintiff to enforce the right of her unemaneipated minors.
X.
At all times pertinent hereto, Kendra Reed is the minor daughter of Bernice Reed. Her father is an absentee and, therefore, under Article LCCP 683 C, the mother is the proper party plaintiff to enforce the right of her unemaneipated minor.
XI.
At all times pertinent hereto, Jada Johnson is the minor daughter of Darlene Johnson. Her father is an absentee and, therefore, under Article LCCP 683 C, the mother is the proper party plaintiff to enforce the right of her unemaneipated minor.
Ii(Emphasis added.) La. C.C.P. art. 683, relative to unemaneipated minors, provides as follows:
Art. 683 Unemaneipated minor
A. An unemaneipated minor does not have the procedural capacity to sue.
B. Except as otherwise provided in Article 4431, the tutor appointed by a court of this state is the proper plaintiff to sue to enforce a right of an unemaneipated minor, when one or both of the parents are dead, the parents are divorced or judicially separated, or the minor is an illegitimate child.
C. The father, as administrator of the estate of his minor child, is the proper plaintiff to sue to enforce a right of an unemaneipated minor who is the legitimate issue of living parents who are not divorced or judicially separated. The mother, as the administratrix of the estate of her minor child, is the proper plaintiff in such an action, when the father is mentally incompetent, committed, interdicted, imprisoned, or an absentee. Moreover, with permission of the judge, the mother may represent the minor whenever the father fails or refuses to do so; and in any event she may represent the minor under the conditions of the laws on the voluntary management of another’s affairs.
(Emphasis added.) Allstate argues that the petition fails to allege that plaintiffs have been judicially qualified as administratrices of the estates of the minor children as required by La. C.C.P. art. 683 B.
The plaintiffs in this case specifically alleged that the fathers of all the minor children are absentees. Therefore, under the provisions of La. C.C.P. art 683(C), the mothers are the proper party plaintiff to enforce the rights of their unemaneipated minor. Accordingly, the trial court properly overruled the dilatory exception of lack of procedural capacity.

\5Declinat0ry exception of improper venus

Next, Allstate argues that Orleans Parish is an improper venue for a direct action against an insurance company, in a claim seeking penalties and attorney’s fees under LSA-R.S. 22:1220. Allstate claims that actions by a third party against a foreign insurer which has no claims’ office in *1154 Orleans Parish, and which has performed no actions in Orleans Parish must be brought in East Baton Rouge Parish. In support of this argument, Allstate cites both the Louisiana Supreme Court’s summary decision in Ieyoub ex rel. State v. W.R. Grace & Co., 97-0181 (La.3/27/97), 692 So.2d 381, and this court’s unpublished writ disposition in Meeks v. Derbnery and Allstate Insurance Company, writ no. 97-C-2141 (La.App. 4 Cir. 11/18/97).
Plaintiffs argue that neither of the eases cited by Allstate controls the instant case because the petitions filed in those cases contained no allegations that the wrongful conduct occurred in or that the damages were sustained in Orleans Parish. Plaintiffs argue venue is proper in Orleans Parish in the instant ease because the complained of actions all occurred in Orleans Parish and the damages were sustained in Orleans Parish.
First, we note that neither of the decisions cited by Allstate controls the instant case. The Louisiana Supreme Court’s writ disposition in Ieyoub ex rel. State, states as follows:
Granted. Judgment of the court of appeal is reversed. Exception of improper venue sustained. Case remanded to the district court for East Baton Rouge Parish for further proceedings.
692 So.2d 381. Moreover, the appellate court decision which was reversed by the above summary decision is unreported. Ieyoub ex rel. State, 686 So.2d 183 (La.App. 3 Cir. 12/18/96). Moreover, Meeks is an unreported decision, which clearly has no precedential value. In fact, this court is barred from considering those writ ^decisions by the rule prohibiting the use of unpublished decisions as precedent. Roberts v. Sewerage & Water Board, 92-2048 (La.2/21/94), 634 So.2d 341, 349; Boatwright v. Metropolitan Life, 95-2473, 95-2525 (La.App. 4th Cir.3/27/96), 671 So.2d 553, 556, fn. 1, writ denied, 96-1327 (La.6/28/96), 675 So.2d 1130, footnote 1, citing Uniform Rules, Courts of Appeal, Rule 2-16.3. In fact, Allstate’s citation of, quotation from, and reference to the unpublished decision in a brief to this court is improper. Boatwright, 671 So.2d at 556.
Venue in a direct action against a foreign insurer is governed by LSA-R.S. 22:655(B)(1), which provides, in pertinent part, as follows:
The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only.
(Emphasis added.) Allstate claims that venue is proper under the above article only under the provisions of La. C.C.P. art. 42(6), which provides for venue against a foreign insurer in East Baton Rouge Parish.
However, in making that argument, Allstate has ignored other express language of LSA-R.S. 22:655. In addition to the general rules of venue prescribed by La. C.C.P. art. 42, LSA-R.S. 22:655 also allows venue in two other places: (1) the parish in which the accident or injury occurred, and (2) the parish in which an action could be brought against the insured ... under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. In the instant case, both of those venue provisions allow venue in Orleans Parish. The accident and injuries occurred in Orleans Parish, and Orleans Parish is the parish in which an action could be brought against Mr. Fair under La. C.C.P. art. 42(1), which establishes frvenue in an action against an individual domiciled in Louisiana in the parish of his domicile. Mr. Fan-is a domiciliary of Orleans Parish.
Allowing venue in the instant case in Orleans Parish is consistent with this court’s decision in Gaspard v. Louisiana Farm Bureau Insurance Co., 96-2148 (La.App. 4 Cir. 11/6/96), 684 So.2d 55, in which we found that venue in a case filed by a third party case against a foreign insurer was proper in Orleans Parish because it was the parish of the insured’s domicile. It is also consistent with *1155 our decision in Hayden v. Gittens, 97-0726 (La.App. 4 Cir. 12/10/97), 704 So.2d 927, in which the court held that venue was proper in a direct action against the plaintiffs uninsured motorist (UM) carrier in the parish of the plaintiffs domicile, since he was the insured party. See also Rousseau v. State Farm Mutual Automobile Insurance Co., 97-2333 (La.App. 4 Cir. 11/26/97), 703 So.2d 180, writ denied, 97-3194 (La.1/30/98), 709 So.2d 719, in which the court allowed venue in a penalties case against the plaintiffs UM insurer in the parish of the plaintiffs domicile.
Additionally, the Louisiana Supreme Court’s recent decision in Underwood v. Lane Memorial Hospital, 97-1997 (La.7/8/98), 714 So.2d 715, indicates that courts should evoke the ancillary jurisdiction provisions and allow an action against two tortfeasors in the same venue, even if no parish of proper venue against both tortfea-sors exists. Thus, even if venue against Allstate were only proper under the provisions of LSA-R.S. 22:655 in the instant case, we would be inclined to deny relief in this writ application.
Moreover, the instant case is distinguishable from Boatwright, 671 So.2d 553, in which this court held that, under the particular facts of that case, East Baton Rouge Parish was the only proper venue for an action against foreign insurers. In making that decision, this court rejected the argument that La. C.C.P. art. 76, ^relative to venue in actions involving joint and solidary obligors, provided an alternate venue. However, in that ease the injury-causing accident did not occur in Orleans Parish; moreover, none of the insured parties were domiciled in Orleans Parish. Thus, only one of the three alternate venues established by LSA-R.S. 22:655 applied to that case. The only proper venue was the venue established by La. C.C.P. art. 42(6), which provides for an action against a foreign insurer to be filed in East Baton Rouge Parish.
Because venue is proper in Orleans Parish both because it is the parish where the injury-causing accident occurred, and because it is the parish of the insured party’s domicile, the trial court properly overruled Allstate’s declinatory exception of improper venue.

Dilatory exception of improper cumulation

Allstate’s dilatory exception of improper cumulation is based on its argument that venue is improper in the action for penalties under LSA-R.S. 22:655 in Orleans Parish. La. C.C.P. art. 461 allows cumulation only if both cases may be brought in the same venue. Because we have found that the trial court properly overruled Allstate’s declinato-ry exception of improper venue, the dilatory exception of improper cumulation is moot.
WRIT GRANTED; RELIEF DENIED.