hDENNIS R. BAGNERIS, SR., Judge.

STATEMENT OF THE CASE

Relators, Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, St. Paul Guardian Insurance Company or St. Paul Insurance Company, and Audubon Insurance Company,[1] filed declinatory exceptions of improper venue which the district court denied.

FACTS

Following the January 23, 2000, hail storm, plaintiffs filed a class action lawsuit against 76 insurance companies alleging that the companies breached their contracts of insurance by failing to properly adjust the plaintiffs’ property damage claims.

DISCUSSION

Relators filed exceptions of venue on the basis that they did not issue policies of insurance to any of the named plaintiffs. They argued that East Baton [ ¡(Rouge Parish was the proper venue for suits against domestic or foreign insurers[2] because neither of the applicable exceptions to the general venue, namely Louisiana Code of Civil Procedure article 76 (action on insurance contract) and article 76.1 (action on contract were applicable) were available where none of the named plaintiffs held policies with these defendants. The district court overruled the exceptions, finding venue proper under La. C.C.P. art. 593(B), which provides that “[a] n action brought against a class shall be brought in a parish of proper venue as to any member of the class as a defendant.” The court further intimated that venue would also be proper under the ancillary venue doctrine.[3] Relators argue the district erred as a matter of law in three respects:
1). Because plaintiffs failed to plead a defendant class, art. 593(B) does not support venue in St. Bernard Parish.
2). Even if a defendant class was pled, the trial court erred in assuming that the class was proper for purposes finding venue proper under art. 593(B).
3). Plaintiffs cannot establish a defendant class.
4). To the extent the district court relied on the doctrine of ancillary venue, it was error to apply the doctrine to this case.

1. Failure to Plead a Defendant Class:

Respondents contend that the petition clearly reflects that a defendant class was pled. The relative portions of the petition are as follows:
VI.
lain addition to the individual defendants named herein, there is a class of insurance companies who are licensed to write policies of insurance in the State of Louisiana who in fact did issue policies of insurance to members of the proposed class of plaintiffs covering damages sustained to their property (ies) as a result of hail storm of January 23, 2000. Moreover these same insurance companies did either fail to properly adjust or *496 did unfairly and/or inadequately adjust the property damage claims of the proposed class of plaintiffs, all contrary and in breach to said policies of insurance.
VII.
The aforesaid defendants and the class of unnamed defendants are liable to plaintiffs severally for such damages as are reasonable in the premises.
Despite respondent’s protestations to the contrary, the petition fails to adequately plead a defendant class with respect to these insurers. As relator noted, the petition excluded the individual named defendants from membership in the proposed defendant class of unnamed insurance companies.[4] Relators contend that the “reference to the unnamed defendants” as a “class” is inadvertent as there is no rationalization or justification for any formation. To the contrary, the failure to reference the named insurers as members of a class was the inadvertence.
Relators contend further that because plaintiffs only moved to certify a plaintiff class, plaintiffs’ intent was not to plead a defendant class, only a plaintiff class. It is puzzling why plaintiffs failed to move to certify the defendant class at the same time they moved to certify the plaintiff class, or even include a prayer that one be certified. Respondent’s brief does not clarify the issue. However, whatever the answer, the failure to move to certify should not be seen as a conclusive evidence of intent on the issue.
Despite noting, “[t] his court recognizes, as the defendants ably point out, the plaintiffs’ petition fails to contain a prayer or even a request that the defendant class be certified in due course during these proceedings. The petition does, Uhowever, contain some reference to a defendant class that allegedly would also be liable to the plaintiffs with the named defendants ... ”, the district concluded that, “[e]ven taken together with all of its arguable shortcomings and claimed lack of artful drafting, this court, nevertheless, concludes the plaintiffs’ petition successfully set [sic] forth a claim against a defendant class of insurance companies on the cause of action stated therein .... ”
The petition pled a defendant class; however, the petition failed to include the named defendants in that class of unnamed insurers. Accordingly, the general rules of venue apply to relators. The trial court erred in failing to sustain the exception to venue as no named plaintiff had a policy of insurance with relators such that venue would be established in St. Bernard Parish. The plaintiffs can amend their petition to correct any deficiencies in the drafting of their petition.

2. Assuming a Proper Defendant Class for Purposes of Deciding Venue.

Assuming arguendo, that the petition does plead a defendant class, then the question of whether it was proper to assume that a defendant class would be certified for the purposes of deciding venue should be addressed.
Recently, in Garrison v. Blood Ctr. For Southeast Louisiana, 2001-0302 (La.App. 4 Cir. 3/13/01) the district court assumed the presence of a properly certified defendant class. In Garrison, the trial court refused to rule on venue until after the class had been certified. This court ruled, “A trial court is required to rule upon a venue exception before ruling on any other exception or issue in a case [,]” and that “[o]nly if venue is proper should the trial court proceed to rule upon other exceptions or issues.” Id. at p. 1.
*497 Relators do not contend that the trial court should have certified the defendant class, indeed no motion was pending. Rather, relators contend essentially that the normal rules of venue should be applicable and advances a | sproposed rule that “only the named parties should be considered in determining venue in a class action saying that the rule would preserve the viability of class actions, ‘while at the same time guaranteeing] that the Code’s venue provisions are given effect.’” The argument fails to recognize that C.C.P. art. 593(B) is a venue provision. The article provides that “[a] n action brought against a class shall be brought in a parish of proper venue as to any member of the class as a defendant.” Accordingly, a rule such as relators propose would scarcely guarantee that the Code’s venue provision are given effect when one is simply ignored. Furthermore, it would be ridiculous to consider venue in a class action without considering the rules of venue for a class action. The argument has no merit.

a. Can Plaintiffs Establish a Defendant Class?

Relators contend further that the trial court erred in assuming a defendant class because plaintiffs cannot satisfy the requisites to proceed with a defendant class. The district court was clearly cognizant of this possibility, writing, “[t] he ultimate question of whether a defendant class will be certified is in serious doubt in this case. The problems associated with the certification of the class and the administration of a defendant class, if certified, are grave indeed.” Essentially, rela-tors seek review of a question, which was not before the district court. Relators do not contend that the district court should have certified the defendant class prior to ruling on the venue exception, nor does it appear that a ruling on the class issue was urged. We will not consider this argument, as it is an effort to obtain a ruling on a point not before this court.

3. Ancillary Venue

hRelators further contend that the trial court erred in finding that venue was proper in St. Bernard Parish under the doctrine of ancillary venue established in Underwood v. Lane Memorial Hospital, 97-1997, (La.7/8/98), 714 So.2d 715. The doctrine was explained in Underwood as follows:
Ancillary venue applies when separate claims involving common or identical questions of fact share no common venue. The concept of ancillary venue allows such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party.
Id. at 719.
The district court concluded that this court’s decisions in Reed v. Allstate Ins. Co., (La.App. 4 Cir. 12/2/98), 722 So.2d 1152 and Landry v. Prime Ins. Syndicate, Inc., 99-0577 (La.App. 4 Cir.1999) 732 So.2d 1291 were sufficient to establish that ancillary venue was proper in this case. Reed concerned an action in tort following an automobile accident as well as a claim against the defendant’s insurance carrier under La. R.S. 22:1220(B)(5) for failing to make a reasonable settlement offer. The accident occurred in Orleans Parish, and the plaintiffs and defendant driver were also domiciled in Orleans Parish. The defendant insurer contended that venue on the claim for penalties and attorney’s fee was improper in Orleans Parish. This court concluded that express language in La. R.S. 22:655 provided venue in Orleans Parish as the location of the accident or as the parish where venue could be established under C.C.P. art 42 (the general venue statute). This court went on to state in dicta that venue was also proper under the doctrine of ancillary venue.
*498 Landry concerned a “complicated set of business transactions involving three companies”, Id. at p. 2, 732 at 1292, in which a declaratory judgment action was filed when a claim for unpaid premiums was sought. Characterizing the action as one on a contract, this court found venue was proper under La. C.C.P. art. 76.1 as to two of the contracts, as St. Bernard Parish was the parish where work was to |7be performed under the contract. This court then invoked the doctrine of ancillary venue as to the other contract.
Relators contend that the doctrine of ancillary venue is inappropriate in the present circumstance because there are no “common or identical questions of fact.” Realtors contend that Albardo v. Union P. RR. Co., 2000-2540, (La.App. 4 Cir. 4/25/01), 787 So.2d 431, presents a more analogous situation. In Albarado, multiple plaintiffs sued their respective railroad employers, alleging that they were exposed to hazardous chemicals during their employment. No one plaintiff sued all the defendants. This court distinguished Underwood and refused to apply the doctrine of ancillary venue, saying:
Unlike the Underwood Plaintiffs’ [sic] whose claims arose from one successive set of facts, the claims of the instant case arose out of different factual situations. Moreover, the plaintiffs here have admitted to suing only their respective employers and thus have access to proper venue, albeit, in a parish other than Orleans.
The concern in Underwood of the risk of inconsistent verdicts that would result in no recovery by the plaintiff even if both juries found liability is not present here. BNSF and IC/CN employees have a choice of venue where they can receive complete relief.
Id. at pp. 9-10, 787 So.2d at 438.
As relators note, no one plaintiff has asserted claims against all of the defendant-insurers, nor for obvious reasons could they, and it is difficult to identify “common or identical questions of fact” with regard to the various insurers in the present circumstance. Furthermore, no single plaintiff possesses a cause of action for damages against two defendants, which arises from a successive set of facts that would be split between two venues. Accordingly, there is no justification for finding that ancillary venue was appropriate to the litigation.

^CONCLUSION

Accordingly, relator’s writ is granted and the exception of improper venue is reversed. This case is remanded to the District Court for further proceedings consistent with this opinion.

WRIT GRANTED; REVERSED AND REMANDED.

BYRNES, C.J., concurs in the result.

. Audubon filed a separate writ under docket no. 2001-C-2224, by order of 12/21/01, the panel consolidated 2224 with the instant matter. Audubon’s application reproduces the arguments made by Liberty and St. Paul, with the exception of noting that it is a domestic insurer where applicable. As each writ contains identical arguments there is no need to differentiate between the separate relators.

. See La. C.C.P. art. 42(2), art. 42(7).

. Having found that venue was proper under La. C.C.P. art 593(B), the district court also included what appears to be a favorable discussion of the application of ancillary venue to the case.

. See paragraph VI, "In addition to the individual defendants named herein, there is a class of insurance companies..." and paragraph VI, "The aforesaid defendants and the class of unnamed defendants.” (Emphasis added).