851 So.2d 1179 (2003)
John BERTUCCI, Kim Friedman, Leroy Williams and Susanna Diaz, et al.
v.
LAFAYETTE INSURANCE COMPANY, et al.
No. 2002-CA-0242.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 2003.
*1180 Eric A. Bopp, Walter R. Woodruff, Jr., Edward S. Bopp, Arabi, LA, for Plaintiff/Appellee.
Peter J. Butler, Peter J. Butler, Jr., Richard G. Passler, Rebecca J. Becker, Breazeale, Sachse & Wilson, L.L.P., New Orleans, LA, for Defendant/Apellant, Prudential Property & Casualty.
Byron A. Richie, Richie & Richie, L.L.P., Shreveport, LA, for Appellant, Patterson Insurance Company.
William J. Wegmann, Jr., Orr Adams, Jr., Law Firm of William J. Wegmann, L.L.C., Metairie, LA, for Defendant/Appellant, Those Certain Underwriters at Lloyd's, London.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
*1181 WILLIAM H. BYRNES, III, Chief Judge.
Appellants, Prudential Property & Casualty Insurance Company, Patterson Insurance Company, and Those Certain Underwriters at Lloyd's, London, appeal a trial court judgment denying their exceptions of improper venue. This court has recently ruled on the identical issue presented herein on a supervisory writ taken by other defendant insurance companies similarly situated in this litigation.[1]See Bertucci v. Lafayette Insurance Company, 2001-2177, 2001-2224 (La.App. 4 Cir. 1/30/02), 809 So.2d 494 (hereinafter referred to as "the Bertucci writ").[2] Therein we reversed the judgment of the district court. Because that ruling has become the law of this case, we adopt it herein and reverse the district court's denial of the appellants' exception of improper venue.[3]
On January 23, 2001, plaintiffs filed a Class Action Petition for Breach of Insurance Contract and Damages in the 34th Judicial District Court against 76 insurance companies alleging that the companies had breached their contracts of insurance by failing to properly adjust the plaintiffs' property damage claims following a January 23, 2000 hail storm.
Appellants filed exceptions of improper venue on the basis that they did not issue policies of insurance to any of the named plaintiffs. They argued that East Baton Rouge was the proper venue for suits against domestic or foreign insurers because neither of the applicable exceptions to the general venue rule found in La. C.C.P. art. 42, namely La. C.C.P. art. 76 (action on insurance policy) and art. 76.1 (action on contract), were available where none of the named plaintiffs held policies with these defendants. Plaintiffs opposed the exception. Following a hearing, the district court overruled defendants' exceptions finding venue proper under La. C.C.P. art. 593(B) which provides that "[a]n action brought against a class shall be brought in a parish of proper venue as to any member of the class as a defendant." The district court further hinted that venue night also be proper under the doctrine of ancillary venue.
In an opinion rendered on January 30, 2002 in the Bertucci writ, we granted the supervisory writ sought by the similarly situated defendants in this matter and reversed the district court's finding that St. Bernard Parish was a parish of proper venue for suit against them. In so holding, we found that the general rules of venue, rather than the rules governing venue for class actions, applied to the defendants because although the plaintiffs' petition had pled a defendant class, that petition failed to include the named defendants in that class of unnamed insurers. Thus, we ruled that the district court erred in failing to sustain the defendants' exceptions *1182 to venue where no named plaintiff had a policy of insurance with them such that venue would be established in St. Bernard Parish. In addition, we found no justification to support the district court's finding that ancillary venue was appropriate to the litigation. Bertucci v. Lafayette Insurance Company, 2001-2177, 2001-2224 (La.App. 4 Cir. 1/30/02), 809 So.2d 494.
"The `law of the case' principle embodies the rule that an appellate court will not reconsider its own rulings of law in the same case." Lejano v. Bandak, 97-0388, p. 24 (La.12/12/97), 705 So.2d 158, 170. [Citations omitted]. This court has previously held that the law of the case doctrine applies to all prior decisions of an appellate court, including decisions rendered on supervisory writ applications. Tsatsoulis v. City of New Orleans, 99-2544, p. 1 (La.App. 4 Cir. 8/30/00), 769 So.2d 137, 138. The doctrine is discretionary, however, and is not applicable in cases of palpable error or when its application would result in manifest injustice. Lejano, 97-0388, p. 24, 705 So.2d at 170. [Citations omitted].
The issues involved in our January 30, 2002 decision on the Bertucci writ applications are identical to those presented in this appeal. Plaintiffs claim that they are amending their petition to include the named defendants within the putative defendant class. As we stated in our decision on the Bertucci writ, the plaintiffs are free to amend their petition to correct any deficiencies in its drafting. Nonetheless, we are a court of record and must limit our review to the evidence in the record on appeal. As an appellate court, we cannot review evidence that is not in the record on appeal and we cannot receive new evidence. Littlejohn v. Quiram, XXXX-XXXX, p. 2 (La.App. 4 Cir. 10/24/01), 800 So.2d 73, 74. Thus, even had plaintiffs amended their petition since the filing of this appeal, such amendment would not be part of the record on appeal, and we would not be allowed to consider such amendment in our review of this matter.
Plaintiffs have shown no palpable error in our earlier decision, and application of the law of the case doctrine will not result in any manifest injustice. This is especially true where, as we noted in Bertucci, supra, p. 7, 809 So.2d at 498:
As relators note, no one plaintiff has asserted claims against all of the defendant-insurers, nor for obvious reasons could they, and it is difficult to identify "common or identical questions of fact" with regard to the various insurers in the present circumstance. Furthermore, no single plaintiff possesses a cause of action for damages against two defendants, which arises from a succession set of facts that would be spilt between two venues. Accordingly, there is not justification for finding that ancillary venue was appropriate to the litigation.
For the reasons stated above, we apply our decision in the Bertucci writ to the instant appeal. The judgment of the trial court denying appellants' exceptions of improper venue is reversed, and this matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
GORBATY, J., concurs with reasons.
JONES, J., dissents with reasons.
GORBATY, J., CONCURS WITH REASONS.
The original three-judge panel on this case was split, with one judge voting to reverse the judgment of the district court, one judge concurring in the result, and one judge dissenting. Consequently, a five-judge panel was assembled. Thereafter, three judges voted to affirm the district *1183 court judgment, and two judges voted to reverse. However, in order to reverse the district court ruling, a previous writ disposition of this Court would have to be overruled en banc. See Bertucci v. Lafayette Ins. Co., 2001-2177, 2001-2224 (La.App.4 Cir.1/30/02), 809 So.2d 494. This court voted en banc not to overrule the previous disposition. Accordingly, the previous disposition is dispositive of the instant appeal, and the district court judgment appealed herein must be reversed.
I was one of the judges who voted to overrule the earlier writ disposition because I believe that this Court's previous ruling was erroneous.
In Bertucci v. Lafayette Ins. Co., 2001-2177, 2001-2224 (La.App.4 Cir.1/30/02), 809 So.2d 494, this Court found that the plaintiffs' petition pled a defendant class, but that the petition failed to include the named defendants (presumably the relators) in that class of unnamed insurers. This statement begs the question "how does one name an unnamed insurer?" Because of the deficiency in the petition, this Court found that the general rules of venue applied to the relators because no named plaintiff had a policy of insurance with relators such that venue could be established in St. Bernard Parish.
However, in Cacamo v. Liberty Mutual Fire Ins. Co., XXXX-XXXX, p. 4-5(La.6/30/00), 764 So.2d 41, 44, the Supreme Court explained that the general venue rules of La.Code Civ.Proc. art 42, are subject to the exceptions contained in La.Code Civ. Proc. arts. 71-85. The Court further confirmed its previous decision in Kellis v. Farber, 523 So.2d 843 (La.1988), wherein it was held that the plain meaning of Art. 43 allowed the venues provided for in arts. 71-85 to supplement the general venue provisions of art. 42 whenever venue under art. 42 is appropriate. Louisiana Code of Civil Procedure art. 76 allows an action on an insurance policy to be brought where the loss occurred or where the insured is domiciled. Plaintiffs allege in their petition that they are domiciled and that the loss occurred in St. Bernard Parish.
My reading of the petition convinces me that the plaintiffs did indeed identify a class of unnamed defendants in their petition sufficient for the district court to presume the existence of a defendant class for purposes of establishing venue under the supplemental venue rules. See Cacamo v. Liberty Mutual Fire Ins. Co., XXXX-XXXX (La.6/30/00), 764 So.2d 41.
However, I am bound by the previous ruling of this Circuit, and, therefore, must concur in the result.
JONES, J., dissents with reasons.
I disagree with the majority opinion finding venue to be improper as to the defendant insurance companies.
The law of the case doctrine is inapplicable, and it should not be followed. Particularly in the matter sub judice, we should have exercised our discretion in order to prevent palpable error or manifest injustice.
The issues involved in our January 30, 2002, decision in the Bertucci writ application are identical to those presented in this appeal. However, the Bertucci writ application focused on the denial of venue based on the failure of the Appellees to plead a defendant class, and that ancillary venue was improper because:
... no one plaintiff has asserted claims against all of the defendant-insurers, nor for obvious reasons could they, and it is difficult to identify `common or identical questions of fact' with regard to the various insurers in the present circumstance. Furthermore, no single plaintiff possesses a cause of action for damages against two defendants, which arises from a successive set of facts that would be split between two venues.
*1184 Bertucci, 2001-2177, p. 7 (La.App. 4 Cir. 1/30/02), 809 So.2d 494, 498.
However, the district court provided sufficient reasoning as to why venue was proper in this instance, which forms the basis of my dissent.
There are pertinent points made by the district court which cannot be disregarded, nor can they be found to be manifestly erroneous. First, the district court determined that:
... it must first consider the defendants' exceptions of venue before proceeding to address the remainder of the exceptions and motions and before turning to any other issues raised in the class action suit. The court cannot defer the decision on [sic] venue exception until class certification or any other issue. Garrison v.s.[sic] Blood Center for South Louisiana, 2001-C-0302 (La.App. 4th Cir. 4/13/01), writ denied, XXXX-XXXX, (La. 6/29/01 2001), 794 So.2d 811 [sic]. Further, according to the concurring decision of Judge Plotkin in the Garrison case, the trial court must assume that class certification is proper for the limited purpose of considering the venue exception, citing Cacamo v. Liberty Mutual Fire Insurance Co., 764 So.2d 41 (La.2000).
The Bertucci writ application found that a defendant class was not sufficiently pled based upon the language of the petition, which states in pertinent part:
VI.
In addition to the individual defendants named herein, there is a class of insurance companies who are licensed to write policies of insurance in the State of Louisiana who in fact did issue policies of insurance to members of the proposed class of plaintiffs covering damages sustained to their property (ies) [sic] as a result of a hail storm of January 23, 2000. Moreover these same insurance companies did either fail to properly adjust or did unfairly and/or inadequately adjust the property damage claims of the proposed class of plaintiffs, all contrary and in breach to said policies of insurance.
VII.
The aforesaid defendants and the class of unnamed defendants are liable to plaintiffs severally for such damages as are reasonable in the premises.
The district court reasoned, and I agree, that the petition, although poorly crafted, referenced an unnamed defendant class, and additionally suggested that the unnamed defendant class was liable along with the named defendants. This formed a sufficient basis for the district court to make a decision on venue with the presumption of the existence of a defendant class. The district court further noted that:
[e]ven taken together with all of its arguable shortcomings and claimed lack of artful drafting, this court, nevertheless, concludes the plaintiff's petition successfully set forth a claim against a defendant class of insurance companies on the cause of action stated therein and as they have a legal right to do so. When a plaintiff class is pleaded and is objected to on venue grounds, our courts are required to assume, for the limited purposes of deciding the venue issue, that the class certification is proper, Cacamo, supra and Garrison, supra. There appears to be no legal justification to distinguish the defendant class from that rule, when as here, the court determines that the allegations made in the petition are sufficient to state a recognizable cause of action against the defendant class.
Clearly, the district court determined that a defendant class existed for the limited *1185 purposes of determining venue, which is consistent with the law on venue. The district court did not have the leisure of making a determination as to the defendant class any further than it did prior to a venue determination.
In its determination of venue in this case, the district court further noted that:
The Louisiana Supreme Court in Cacamo reversed a decision of the 4th Circuit and specifically held that those plaintiffs in a class action case could establish venue against foreign insurance companies, (notwithstanding home-based provisions of Article 42(7) which would have provided for venue in East Baton Rouge Parish and against domestic insurance companies, notwithstanding the home-based provisions of Article 42(2) which would have provided for venue in their registered offices) as an available supplementary venue under Article 76 (authorizing venue on an action on an insurance policy in the parishes where the loss occurred or where the insured is domiciled) and/or Article 76.1 (authorizing venue in an action on a contract in the parishes where the contract was executed or any work was performed or to be performed). In either or both instances, according to the Supreme Court in Cacamo, these provisions of the law or laws authorizing the supplementary venue are not to be strictly construed, since they are in part and parcel of the general venue rules in Article 43.
Based on this reasoning, the district court did not err in finding venue to be proper. Once the district court presumed that the defendant class existed, the district court had the latitude to invoke supplementary venue provisions pursuant to Cacamo.
The district court indicated in its Reasons for Judgment that ancillary venue may be appropriate in this case. The doctrine of ancillary venue as described in Underwood v. Lane Memorial Hospital, 97-1997, (La.7/8/98), 714 So.2d 715, 719 is as follows: "Ancillary venue applies when separate claims involving common or identical questions of fact share no common venue. The concept of ancillary venue allows such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party."
Under the particular facts and circumstances of this case, ancillary venue is improper. Pursuant to Underwood, the basic premise of ancillary venue is that if A sues B, and A sues C, then venue that is proper as to B is also proper as to C. In this case, although involving one storm, the parties are apportioned as A vs. B, C vs. D, and E vs. F. Therefore, Underwood is not applicable. Thus, I am in agreement with the opinion of the majority and the Bertucci writ panel as it relates to ancillary venue.
However, the Appellees have demonstrated palpable error in our earlier decision, and application of the law of the case doctrine would result in manifest injustice.
NOTES
[1] The relators in the Bertucci writ were Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, St. Paul Guardian Insurance Company, St. Paul Insurance Company, and Audubon Insurance Company.
[2] Those Certain Underwriters at Lloyd's, London ("Certain Underwriters") state in their brief to this court that the facts relevant to its appeal are identical to those relevant to the Bertucci writ except that it did issue policies of insurance to two named plaintiffs. They point out, however, that neither of those plaintiffs are domiciled in St. Bernard Parish and that none of the alleged losses suffered by those plaintiffs occurred in St. Bernard Parish. Consequently, Certain Underwriters assert that its appeal and the Bertucci writ are identical in all pertinent respects. We agree.
[3] A proposal to overrule this Court's previous decision in 2001-2177 and 2001-2224, 809 So.2d 494 was circulated en banc by this panel. A majority of the judges of this Court voted not to overrule that previous decision. Therefore, it is dispositive of the instant appeal.