881 So.2d 1225 (2004)
SOUTHERN NIGHTS, INC.
v.
James BARNETT.
No. 2004-CA-0411.
Court of Appeal of Louisiana, Fourth Circuit.
August 18, 2004.
*1226 David D. Duggins, The Duggins Law Firm, APLC, New Orleans, LA, for Plaintiff/Appellee, Southern Nights, Inc.
Stephen D. Marx, Chehardy Sherman Ellis Breslin Murray & Recile L.L.P., Metairie, LA, for Defendant/Appellant, James Barnett.
Court composed of Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, JR., Judge ROLAND L. BELSOME.
LEON A. CANNIZZARO, JR., Judge.
This is an appeal from a judgment rendered in favor of the plaintiff, Southern Nights, Inc. (Southern Nights), and against the defendant, James Barnett, in a *1227 suit on open account. For the reasons assigned below, we affirm.

FACTS AND PROCEDURAL HISTORY
Mr. Barnett contracted with Southern Nights to install and repair exterior landscape lighting at his home in New Orleans. Upon completion of the project, Southern Nights' invoices totaled $24,248.47. After a credit was given for $15,000.00 paid by Mr. Barnett, Southern Nights made demand for a balance due in the amount of $9,248.47. Mr. Barnett denied that any balance was owed, claiming, instead, that the $15,000.00 he had paid represented the full amount due under the contract.
According to Mr. Barnett, he told Tony Alexander, the owner of Southern Nights, that he had a $15,000.00 budget for the lighting project, which Mr. Alexander acknowledged. Mr. Barnett contends that he never authorized any work that Southern Nights performed beyond the $15,000.00 limit. According to him, the parties had agreed to settle the matter by allowing Southern Nights to remove the extra $9,248.47 worth of lighting fixtures from his property, but instead of returning to remove the equipment as agreed, Southern Nights filed suit for the alleged balance.
Following trial, the trial court rendered judgment awarding Southern Nights $7,873.47 as well as court costs, 25% attorney fees in the amount of $1,968.36, and legal interest. The trial court gave no reasons for judgment. Mr. Barnett appealed.

ASSIGNMENTS OF ERROR
Mr. Barnett assigns two errors on the part of the trial court. First, that the trial court erred in not finding that the dispute had been settled, and second, that the trial court erred in awarding attorney fees for a suit on open account pursuant to La. R.S. 9:2781.

LAW AND DISCUSSION
In his first assignment of error, Mr. Barnett claims that the parties' agreement to settle the dispute by allowing Southern Nights to remove certain lighting fixtures is evidenced by trial exhibit D-7. Specifically, Mr. Barnett maintains that exhibit D-7 includes a letter from Southern Nights' attorney to Mr. Barnett, acknowledging the agreement to "uninstall" $9,248.47 worth of lighting fixtures. Mr. Barnett contends that, due to this agreement to settle, Southern Nights' claim is merged into the settlement agreement and its sole remedy is to recover the items set forth in the agreement. He cites the case of Palmer v. Lanco Construction, Inc., 95-0987 (La.App. 4 Cir. 11/30/95), 665 So.2d 1217, 1221, arguing that a valid settlement agreement effectively abrogates the antecedent claim upon which it is predicated; thus, the parties' only legal recourse is to enforce their rights within the context of the compromise agreement.
In response, Southern Nights maintains that the letters written to Mr. Barnett do not evidence an agreement. To the contrary, Southern Nights argues that Mr. Barnett never accepted the offer to remove the lighting. In fact, Southern Nights contends that Mr. Barnett never responded to the letter, and made no specific arrangements for the removal of the lighting or for the payment of the outstanding balance.
As to whether the trial court failed to recognize a settlement agreement in this case, we look to La. C.C. art. 3071, which provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an *1228 end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
A compromise agreement that is not reduced to writing is unenforceable. Felder v. Georgia Pac. Corp., 405 So.2d 521, 523 (La.1981). The writing requirement does not necessarily mean that the agreement must be contained in one document, however, the purpose of the writing requirement is to serve as proof of the agreement and acquiescence therein and, as such, must be signed by both parties. Id.
In Coleman on Behalf of Coleman v. Academy of Sacred Heart, 93-2015 (La.App. 4 Cir. 3/29/94), 650 So.2d 265, this court held that a letter by one of the parties setting forth their understanding of the agreement is not an agreement of the parties reduced to writing. A compromise is a bilateral contract. See also, Scott v. Green, 621 So.2d 1, 3 (La.App. 4 Cir.1993).
In the instant case, Mr. Barnett presented two letters as evidence of the compromise. (Exhibit D-7) The first letter dated January 31, 2001, from Southern Nights to Mr. Barnett demanded payment of $9,248.47 and suggested that Mr. Barnett had three options: 1) send a check immediately; 2) coordinate with Southern Nights to have $9,248.47 worth of light fixtures uninstalled; or 3) ignore the demand and face legal action. The second letter dated February 7, 2001, from Southern Nights' attorney to Mr. Barnett, states as follows:
I represent Southern Nights, Inc. It is my understanding that you have agreed to resolve this matter by having my client "uninstall" and remove from your property $9,248.47 worth of landscape lighting fixtures.
Please contact my office today to make arrangements for the removal of the subject equipment on either Thursday or Friday of this week. I look forward to hearing from you so that this matter may be resolved.
Mr. Alexander, the owner of Southern Nights, testified at trial that he believed the agreement to uninstall the lights was one sided because Mr. Barnett never responded to the February 7, 2001 letter. Mr. Barnett, on the other hand, testified that he agreed to have the light fixtures uninstalled, but Southern Nights never returned to perform the work. As in Coleman, the only evidence of a binding compromise is the February 7, 2001 letter, referencing an understanding that an agreement existed. Otherwise, there is nothing signed by Mr. Barnett to show that an agreement to settle had been reached. In view of La. C.C. art. 3071 and the jurisprudence cited herein, we find insufficient proof in this case that a settlement agreement was reduced into writing or recited in open court. Accordingly, the trial court did not err in determining that a binding settlement agreement between the parties did not exist.
In his second assignment of error, Mr. Barnett submits that pursuant to La. R.S. 9:2781, attorney's fees are not recoverable unless the precise amount claimed due is proven. Montgomery Stire & Partners, Inc. v. London Livery, Ltd., 99-3145 (La.App. 4 Cir. 9/20/00), 769 So.2d 703. *1229 Specifically, Mr. Barnett argues that since Southern Nights demanded $9,248.47, but was awarded only $7,873.47, the amount demanded was incorrect and attorney fees were not warranted.
La. R.S. 9:2781 entitles a person seeking debt collection on an open account to recover reasonable attorney fees if prior written demand has been made upon the debtor "correctly setting forth the amount owed." Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015-16 (La.1984).
Further, the courts have held that "[t]he amount stated in the demand letter and the amount recovered in the judgment do not have to be the same for a party to recover attorney's fees under La. R.S. 9:2781." Sears, Roebuck & Co. v. Larose, 460 So.2d 8, 9 (La.App. 1 Cir.1984). See also, Guidry's Seafood Distributors, Inc. v. Farmers Seafood Co., Inc., 99-1005 (La.App. 3 Cir. 12/15/99), 759 So.2d 806. However, it is incumbent on the creditor seeking attorney fees through 9:2781 to show that the written demand for payment made on the debtor correctly stated the amount owed. Texas Industries, Inc. v. Roach, 426 So.2d 315 (La.App. 2 Cir.1983).
In this case, the trial court awarded a lesser amount than that demanded by Southern Nights but did not provide an explanation. We cannot, however, assume that the trial court determined the amount demanded to be incorrect. Rather, in order to ascertain whether Southern Nights is entitled to attorney fees, we must determine whether the amount demanded correctly stated the amount owed. After a careful review of the record, we find that Southern Nights presented detailed invoices evidencing that the amounts owed and demanded were the same, i.e., $9,248.47. Mr. Barnett, on the other hand, did not dispute Southern Nights' contention that an additional $9,248.47 worth of lighting had been installed. Therefore, we conclude that the amount sought by Southern Nights was correct and that attorney fees were properly awarded pursuant to La. R.S. 9:2781.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.