968 So.2d 220 (2007)
William T. NEWMAN, Jr.
v.
Paula R. GEORGE.
No. 2007-CA-0620.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 2007.
*222 Gerald J. Calogero, Calogero Law Firm, P.L.L.C., New Orleans, LA, for Plaintiff/Appellee.
James M. McCaffery, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Defendant/Appellant, Paula George (Ms. George), appeals from the trial court's judgment in favor of Plaintiff/Appellee, William T. Newman, Jr. (Mr. Newman), in a suit on open account. For the reasons assigned below, we affirm in part and reverse in part.
RELEVANT FACTS AND PROCEDURAL HISTORY
Ms. George hired one of her tenants, Mr. Newman, who is a carpenter by trade, to perform renovations at several properties she owned, including 2403 St. Charles Avenue, 2405 St. Charles Avenue, and 1510 Carondelet Street in New Orleans, Louisiana. Ms. George agreed to pay Mr. Newman an hourly rate for his work and the work of the helpers he retained. Mr. Newman began the work in November 2000 and continued until the end of April of 2001. During the course of the work, Mr. Newman periodically hired other individuals to assist him. Mr. Newman personally purchased supplies and paid the other carpenters and helpers for their time and then added the amounts to the invoices he submitted to Ms. George. Although Ms. George paid Mr. Newman for some of the work he and his crew performed and some of the supplies Mr. George purchased for the job, Ms. George ultimately fired Mr. Newman and failed to pay him the final outstanding balance he claims she owes him.
Mr. Newman filed suit on open account against Ms. George on April 5, 2004. After Ms. George answered the lawsuit, Mr. Newman filed a motion for summary judgment which the trial court granted. Ms. George then filed a suspensive appeal to this Court. A panel of this Court reversed the trial court's judgment and remanded the case, finding issues of material fact existed with regard to the invoices. The case then proceeded to trial.
Trial began on January 11, 2007. At trial, Mr. Newman testified as to the terms of the agreement he entered into with Ms. George. According to Mr. Newman, Ms. George agreed to pay him $25.00 for his time, $15.00 per hour for other carpenters, and $8.00 for other helpers. Mr. Newman testified that he kept a record of his hours and the hours of his workers on a calendar and then submitted weekly time sheets and monthly invoices to Ms. George. Five of the invoices were introduced at trial. The final invoice was dated May 4, 2001, indicating a balance due of $12, 688.65, which included a 1% interest charge of $126.88.
Mr. Newman also testified as to the specific work he performed at the various locations at Ms. George's direction. At 2405 St. Charles Avenue, he installed sheetrock, a new set of attic stairs, and new windows. He also took all the plaster off the walls, removed all the bathroom fixtures, re-framed walls, closed up the floor in the living room, refurbished the windows to make them operable, and repaired the entry door. Ms. George had also evicted a tenant in one of the apartments located on this property and directed Mr. Newman to remove the tenant's *223 remaining personal items to the street. Upon the death of another tenant in the building, Ms. George directed Mr. Newman to gut the apartment.
At 1510 Carondolet Street, Mr. Newman leveled and stabilized the back porch, opened up and reframed the walls, installed a new floor, shower, and bathroom vanity, and installed sheetrock and siding. Additionally, Mr. Newman he moved Ms. George's belongings from her home in Harahan to her current home on St. Charles Avenue at her direction.
Ms. George also testified at trial. According to Ms. George, she ultimately fired Mr. Newman for hiring unauthorized workers after she and Mr. Newman had discussed letting the extra workers go. She also alleged that the work completed by Mr. Newman and his crew was performed improperly, and that she had to hire someone to correct it. Although Ms. George admitted that she owes Mr. Newman some money, she testified that feels the bill should be adjusted due to the poor workmanship and the cost of the workers that she did not authorize.
Upon the closing of the testimony, the court awarded Mr. Newman $12,688.65 for the amount due on open account, $78.00 for special damages (the cost of filing of a lien), legal interest, and $3,172.16 in attorney's fees.
Ms. George filed the instant appeal, alleging four assignments of error. First, Ms. George argues the trial court erred by not accepting plaintiff's judicial confession that his accounts were not "accurate" and then dismissing his claim. Second, Ms. George argues the trial court erred in not following the law of the case doctrine which should be applied in this case to uphold the previous ruling of this court-showing the records were not "accurate." Third, Ms. George argues the trial court erred in not ruling that testimony clearly proves that plaintiff's records are not "accurate and trustworthy," thus precluding any recovery under La. R.S. 9:2781. Finally, Ms. George argues the trial court erred in awarding legal fees to plaintiff since unauthorized interest was added to the bill. In response, Mr. Newman filed an answer to the appeal, seeking additional attorney's fees.
STANDARD OF REVIEW
"A reviewing court may not set aside a district court's finding of fact in the absence of manifest error or unless it is clearly wrong." State in the Interest of D.J., 06-1491, p. 4 (La.App. 4 Cir. 5/16/07), 959 So.2d 543, 546, citing Hanks v. Entergy Corp., 06-477, p. 22 (La.12/18/06), 944 So.2d 564, 580. "In order to reverse a district court's determination of a fact, a reviewing court must review the record in its entirety and (1) find a reasonable factual basis does not exist for the finding, and (2) further determine [that] the record establishes the fact-finder is clearly wrong or manifestly erroneous." Id.
ASSIGNMENT OF ERROR NUMBER ONE
Ms. George first argues that the trial court erred by not accepting plaintiff's judicial confession that his accounts were not "accurate" and then dismissing his claim. "A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." La. C.C. art. 1853. "A judicial confession is a party's explicit admission of an adverse factual element and has the effect of waiving evidence as to the subject matter of the confession from issue." Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918, p. 6 (La.11/29/05), 917 So.2d 424, 429, citing Cheatham v. City of New Orleans, 378 So.2d 369, 375 (La.1979).
*224 Mr. Newman brings this suit pursuant to the open account statute, La. R.S. 9:2781, which provides a cause of action to recover debts incurred on an open account for services rendered. In proving an open account under the statute, the plaintiff must first prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Rabalais v. Al-Dahir, 563 So.2d 514 (La.App. 4 Cir.1990).
Ms. George noted that Mr. Newman testified at trial that his records were not accurate and she argues that this admission constitutes a judicial confession. However, a review of Mr. Newman's entire testimony revealed that he testified that he kept up with the hours he and his employees worked on a calendar in his apartment. Mr. Newman stated he did not, however, keep a log of how much he paid the other employees, and that he paid them in cash. When asked by counsel for Ms. George, "[s]o your records are not really accurate?" Mr. Newman replied, "[t]hose are your words not mine." When pressed for a yes or no answer, Mr. Newman replied, "No." However, in Mr. Newman's very next answer, he stated, "[i]nsofar as the monies are owed, these are accurate statements." While the monthly invoice statements may not have contained an overly-detailed summary of the precise number of hours worked and at which property and exactly what work was performed each day, the testimony provided by both Mr. Newman and Ms. George indicated that a substantial amount of work was performed. The testimony provided detailed support for the amounts located on the monthly invoice statements. Ms. George submitted no evidence of any requirement regarding the information that must be kept in the business records in order for them to be considered accurate under the law. We find that Mr. Newman's statement was not an explicit admission of an adverse fact; hence, the statement is not a judicial confession. Considering the work performed and the overall amount charged, a reasonable factual basis exists for the trial court's judgment. Accordingly, the trial court was not manifestly erroneous in determining that the monthly invoices were accurate.
ASSIGNMENT OF ERROR NUMBER TWO
Ms. George next argues the trial court erred in not following the law of the case doctrine which should be applied to uphold the previous ruling of this court-showing the records were not "accurate." Previously, Ms. George appealed the trial court's grant of summary judgment in favor of Mr. Newman. This Court reversed, finding the affidavit and invoices of Mr. Newman insufficient to substantiate the amount sought. Newman v. George, unpub., 06-0849, p. 5 (La.App. 4 Cir. 11/15/06), 943 So.2d 1279. Ms. George argues that this Court's findings regarding the accuracy of Mr. Newman's invoices should be applied as the "law of the case."
In Bertucci v. Lafayette Ins. Co., 02-0242, p. 3 (La.App. 4 Cir. 5/21/03), 851 So.2d 1179, this Court stated that the "law of the case" principle embodies the rule that an appellate court will not reconsider its own rulings of law in the same case. Id. at p. 4, 1182. In Bertucci, this Court was first presented with a supervisory writ taken after the trial court denied an exception of improper venue filed by a purported defendant class member. This Court reversed, finding no named plaintiff had a policy of insurance with any named defendant such that venue could be established in the Parish of St. Bernard. Thereafter, other defendants filed exceptions of improper venue, which the trial court again *225 denied. As the appellant failed to show palpable error in the earlier writ disposition, this Court refused to reconsider its ruling of law in the writ disposition. Id. This Court applied the decision from the earlier writ disposition to the appeal and reversed the decision of the trial court. Id.
In the previous appeal in the instant case, this Court found genuine issues of material fact existed, which precluded summary judgment. However, this Court clearly noted that "Mr. Newman may well be entitled to recover the amount he seeks." Newman, at p. 5. Nothing in this Court's earlier judgment precluded Mr. Newman from presenting additional evidence, which includes both documents and testimony, at a trial on the merits. In the affidavit attached to the motion for summary judgment, Mr. Newman relied on the invoices to support his claim. At trial, Mr. Newman testified in detail as to the specific work performed and utilized his testimony to support the invoices and his claim. Unlike Bertucci, this Court is not called on to reconsider its rulings of law from the previous appeal in the instant case. Hence, this Court finds the law of the case doctrine is not applicable to this appeal.
ASSIGNMENT OF ERROR NUMBER THREE
Ms. George also argues the trial court erred in not ruling that testimony clearly proves that plaintiff's records are not "accurate and trustworthy," thus precluding any recovery under La. R.S. 9:2781. We addressed the accuracy of the records argument in Assignment of Error One. For the reasons cited above, this Court finds a reasonable factual basis exists for the trial court's judgment and a review of the record as a whole finds the trial court was not manifestly erroneous in determining that the monthly invoices were accurate and trustworthy.
ASSIGNMENT OF ERROR NUMBER FOUR
Finally, Ms. George argues the trial court erred in awarding legal fees to plaintiff since unauthorized interest was added to the bill. Further, Mr. Newman is now seeking additional attorney's fees on appeal. As a general rule, attorney fees are not due and owing a successful litigant unless specifically provided for by contract or by statute. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978); Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La.1976); Hughes v. Burguieres, 276 So.2d 267 (La.1973). The open account statute, La. R.S. 9:2781 provides "for reasonable attorney's fees for the prosecution and collection of such claim . . ." La. R.S. 9:2781. In order to recover attorney's fees under La. R.S. 9:2781, a creditor must first submit a written demand correctly setting forth the amount owed to the debtor. Id. In the event that the amount claimed is not paid within thirty days, the debtor becomes liable for reasonable attorney's fees for the prosecution and collection of such claim. Id.
In Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, (La. 1984), the Supreme Court stated the amount due must be correctly stated in the demand letter. Id. at 1015. Moreover, because the award of attorney's fees is penal in nature, the Supreme Court concluded that La. R.S. 9:2781 must be strictly construed. Id. Incorrectly adding interest to the principal amount due in the demand letter was enough to disallow a claim for attorney's fees. Id. at 1016. The Supreme Court noted that the reason for the error in the demand letter is immaterial. Id.; See also, Southern Nights, Inc. v. Barnett, 04-0411, p. 4 (La.App. 4 Cir. 8/18/04), 881 So.2d 1225, 1229.
*226 In the instant case, the demand letter issued by Mr. Newman included a claim for interest, although Mr. Newman later withdrew the claim for interest at the start of the trial. However, Mr. Newman's subsequent withdrawal of the claim for interest is not sufficient to comply with the requirements of La. R.S. 9:2781. Regardless of the reason for the error, the amount contained in the initial demand letter must be correct in order for recovery of attorney's fees. In this instance, the demand letter contained an incorrect amount as it included the claim for interest. Hence, no attorney's fees should have been forthcoming. This Court finds no reasonable factual basis for the award of attorney's fees, and the trial court was manifestly erroneous in awarding attorney's fees. Therefore, this Court reverses that portion of the judgment.
CONCLUSION
Accordingly, for the reasons stated herein, the judgment of the trial court is affirmed in part and reversed in part.
AFFIRMED IN PART, REVERSED IN PART.